Commonwealth *v.* Ashenfelder, Appellant.

518

Argued January 8, 1964. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John P. Yatsko,* for appellant.

*Charles Potash,* with him *Cassin W. Craig,* and *Wisler, Pearlstine, Talone & Gerber,* for Lower Providence Township, appellee.

OPINION BY MR. JUSTICE JONES, March 17, 1964:

Weston W. Ashenfelder, Jr. (appellant), was convicted before a justice of the peace of a violation of the "Lower Providence Township Gunning Ordinance of 1960" which makes it an offense[1] to use a firearm for hunting or to fire a firearm in the township unless the hunter has "first given his name, address and hunting license number to the owner or the lessee in possession of the premises where he intends to shoot and has obtained the written consent of such owner or lessee . . . on the form provided by the . . . [Township]. Before hunting or firing a gun on such private property, the consent . . . shall be filed with the Township Secretary or left at the Township Building . . . during business hours". Neither registration with the township nor a filing fee is required. Appellant's convic-

---

[1] Punishable by a fine not exceeding $50 and costs or, in default thereof, imprisonment not exceeding 10 days.

tion was affirmed on appeal to the Court of Quarter Sessions of Montgomery County and this appeal was then taken.

Appellant's challenge to the validity of this ordinance is (a) that the township lacked the requisite statutory authority to enact this ordinance and (b) the subject matter of the ordinance has been preempted by state legislative enactments, i.e., that provision of The Penal Code of 1939[2] which makes trespassing upon posted land an offense and the statutory provisions which empower the Pennsylvania Game Commission to regulate hunting in the Commonwealth.[3] In determining the validity of this ordinance, we bear in mind that such ordinance is presumptively valid (*Bilbar Construction Co. v. Easttown Twp. Bd. of Adjustment,* 393 Pa. 62, 71, 141 A. 2d 851) and that the burden is upon the appellant to prove otherwise.

Ostensibly, this ordinance purports to regulate "hunting and use of rifles and shotguns" to provide for the safety of the inhabitants of the Township. The ordinance prohibits certain acts: (a) the *use for hunting* or the *firing of a rifle, shotgun or other firearm,* without the written consent, on township-provided form, of the landowner or land lessee; (b) the *firing of a gun* within 150 yards of certain described buildings[4] or upon property where the owner has not given his written consent; (c) the *firing of any "rifle or pistol cartridge of a size greater than .22 caliber short"* at any time in the township. The instant appellant

[2] Act of June 24, 1939, P. L. 872, §954, as amended, 18 P.S. §4954.

[3] The Act of April 9, 1929, P. L. 177, §2602, as amended, 71 P.S. §672, as implemented by the Game Law of 1937, June 3, P. L. 1225, §1 et seq., 34 P.S. §1311.1.

[4] This provision of §3 of the ordinance is almost an exact duplicate of the provisions of §808 of the Game Law of 1937, supra, 34 P.S. §1311.808.

is charged *only* with a violation of that portion of the ordinance which makes it an offense to go upon the land of another with a firearm used for hunting without first obtaining the requisite written consent.

In connection with the actual offense of which appellant stands charged, it must be noted that The Penal Code of 1939, supra, §954, makes it an offense for a person to wilfully enter upon the posted land of another for any purpose whatsoever and that such provision is comprehensive enough to cover the situation of an entry upon land for the purpose of hunting. Thus, insofar as it is necessary to protect the inhabitants of this township from trespassers upon their posted land for the purpose of hunting, the Penal Code adequately affords such protection.

Moreover, it is well settled that townships, political subdivisions of the Commonwealth, possess only such powers as have been granted to them by the legislature, either in express terms or which arise by necessary and fair implication or are incident to powers expressly granted or are essential to the declared objects and purposes of the townships: *St. Joseph Lead Co. v. Potter Township*, 398 Pa. 361, 364, 157 A. 2d 638; *Commonwealth v. Hanzlik*, 400 Pa. 134, 136, 161 A. 2d 340. Conceding such to be the law, counsel for the township[5] contends the legislature has delegated the necessary power to enact this ordinance by virtue of §702 of The Second Class Township Code,[6] which grants the power "[t]o take all needful means for securing the safety of persons or property within the township, including the control of disorderly practices". Noting that the power to "control disorderly practices" was added by the 1953 amendatory statute, the township

[5] Lower Providence Township is a second class township located in Montgomery County.

[6] Act of May 1, 1933, P. L. 103, §702, as amended, 53 P.S. §65747.

argues that §702 grants the "widest possible powers to the Township Supervisors for the purpose of allowing them to take whatever appropriate measure might be necessary for securing the safety of persons or property within the Township". In our view, the township somewhat inflates the legislative delegation of police power under §702.[7] An examination of §702 indicates that its language is most inappropriate and inadequate to evidence any intent on the part of the legislature to delegate to second class townships vast and extensive police powers; certainly no intent is manifest or evident to grant powers to second class townships to act in areas where the Commonwealth itself, through legislative enactments, has provided regulation.

If the purpose of the provision of this ordinance prohibiting the use for hunting of firearms on land of another is that of providing for the *safety* of the inhabitants of the township, what relationship exists between such *safety* and the required written consent of the landowner or land-lessee? Rationalized, this provision of the ordinance only prohibits the use for hunting of a firearm in the township *if* such use is on land of another without the written consent of the landowner or land-lessee; therefore, if the township is correct and if the *safety* of its inhabitants is the aim and goal of this provision of the ordinance, the criterion of such safety is the presence or absence of the requisite written consent. Written consent to use a firearm for hunting neither lessens the danger inherent in such use nor provides safety in such use. The fact that a potential hunter has secured, from the landowner or land-lessee upon whose land he intends to hunt, a con-

---

[7] The Second Class Township Code was amended by the Act of July 13, 1961, P. L. 600, No. 299, §1, by deleting from §702 the reference to the control of disorderly practices and substituting the power to adopt ordinances "defining disturbing the peace within the limits of the township".

sent in writing in no manner assures the public that such potential hunter is a safe and careful hunter. By way of illustration, no person is permitted to hunt in this Commonwealth without obtaining written consent in the form of a license to hunt,[8] yet the issuance of such consent or license in no manner insures that the licensee is a safe and a careful hunter. Unfortunately, the annual hunting casualty statistics eloquently bear witness to this fact.

In its creation of a classification of safe hunters as opposed to unsafe hunters based solely on the presence or absence of a written consent to hunt, the township has clearly overstepped not only its statutorily granted powers but the bounds of reasonableness. The consent provisions of this ordinance insofar as they are aimed to protect the inhabitants of this township from any trespassing upon their land duplicate the provisions of §954 of The Penal Code of 1939 and the township thereby enters a field already regulated by the Commonwealth. Moreover, the consent provisions bear no reasonable relationship whatsoever to the safety of the inhabitants of this township. In such respects, this ordinance is clearly invalid.

In view of the conclusions we have reached, we need not consider appellant's other contentions.

However, the township now has raised, for the first time,[9] the question whether the appellant, after his conviction before the justice of the peace, did not appeal to the wrong court, i.e., the court of quarter sessions. It is the position of the township that this action is a suit for the recovery of a penalty due to the municipality, i.e., a civil proceeding, from the judg-

---

[8] There are certain statutory exceptions to this rule.

[9] This issue goes to the question of jurisdiction; therefore, the township, by failing to raise such issue in the court below, cannot be deemed to have waived it: *McGinley v. Scott*, 401 Pa. 310, 164 A. 2d 424.

ment in which an appeal lies to the court of common pleas and that this action is not a summary proceeding for a criminal offense from a judgment in which an appeal lies to the court of quarter sessions.

In *York v. Baynes,* 188 Pa. Superior Ct. 581, 149 A. 2d 681, an alderman found Miss Baynes guilty of violating an ordinance of the City of York and imposed a $300 *fine* and "in default of the payment thereof to be committed to jail for 90 days". Miss Baynes appealed to the Court of Quarter Sessions of York County which quashed the appeal and on appeal from that order, the Superior Court unanimously affirmed. Judge WOODSIDE stated (p. 585) : "It is our opinion, that an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding. It is not a summary proceeding, which is a criminal proceeding, even though it may be started by a warrant. A judgment entered against a defendant for the violation of a municipal ordinance is for a penalty, even though it may be referred to by the legislature and the magistrate as a 'fine'. Appeals from judgments entered by magistrates to recover penalties for violation of municipal ordinances must be taken to the Court of Common Pleas. The Courts of Quarter Sessions have no jurisdiction over such appeals." *York v. Baynes* was approved in *Commonwealth v. Hanzlik,* 191 Pa. Superior Ct. 460, 463, 157 A. 2d 97, although, in that case, the Court, pursuant to *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731, noted it had no jurisdiction and certified the matter to this Court. Upon certification, this Court, in *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A. 2d 340, declared the municipal ordinance invalid but did not consider or determine the propriety of an appeal to a court of quarter sessions from a conviction of violation of the municipal ordinance.

In the case at bar, appellant was charged with a violation of this township ordinance. The record does not disclose whether the prosecution was by the township itself or by an officer thereof, although the caption in the court below and this Court is the "Commonwealth of Pennsylvania" v. the appellant. The fact that the Commonwealth, erroneously, in the caption is made the party prosecuting does not change the nature of this proceeding, i.e., a suit for the recovery of a penalty due to the Township for a violation of its ordinance. The rationale of *York v. Baynes,* in our view sound, controls this situation. Even though this action were instituted by the issuance of a warrant—which the record before us does not disclose—and even though the penalty under the provisions of the ordinance is termed a "fine", this is fundamentally an action instituted for the violation of a township ordinance and an appeal from the judgment entered in such action should have been taken to the court of common pleas and not to the court of quarter sessions.

The appellant, seeking relief from the court of quarter sessions rather than the court of common pleas, was in error. However, because of the confusion evident in past decisional law on this subject, we deem it most unjust and unfair to penalize this appellant for an understandable mistake in procedure and to subject him to pay a penalty under the provisions of an ordinance which we believe invalid. Under the circumstances, we determine the instant litigation on its merits (*Y.M.C.A. v. Reading,* 402 Pa. 592, 598, 167 A. 2d 469), rather than upon the mistake of appellant in seeking relief in the wrong court.

That portion of this ordinance of which appellant was judged in violation is clearly invalid.

Order reversed. Costs on township.