429 Pa. 168 (1968)
Commonwealth ex rel. Ransom Township
v.
Mascheska, Appellant.
Supreme Court of Pennsylvania.
Argued January 9, 1968.
March 15, 1968.
Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.
Edwin Utan, for appellant.
*169 Joseph Marzzacco, with him S.U. Colbassani, for appellee.
OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:
On November 19, 1965, a summons was issued through a justice of the peace in the Township of Ransom charging appellant Mascheska with a violation of one of the township's zoning ordinances. A fine of $25 was assessed. Since a suit instituted by a municipality for a violation of one of its ordinances is a suit for a collection of a penalty and thus civil in nature, an appeal from the justice of the peace's action was properly taken to the Lackawanna County Court of Common Pleas. See Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964); York v. Baynes, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959). The common pleas court affirmed the assessment of this penalty and an appeal was taken to the Superior Court. However, the Superior Court believed that this matter involved a zoning ordinance and therefore certified this litigation to this Court. See Order of the Superior Court, Eastern Dist., No. 724, October Term, 1967.
We believe that certification by the Superior Court was erroneous and that this matter, although it does involve a violation of a zoning ordinance, is an appeal within the purview not of this Court but of the Superior Court. Under the Act of August 14, 1963, P.L. 819, § 1, 17 P.S. §§ 181, 184.1 (Supp. 1967), the Superior Court has "exclusive . . . appellate jurisdiction of all appeals . . . in the following classes of cases: . . . all orders of the court of common pleas . . . which involve summary proceedings before aldermen, magistrates, or justices of the peace."[1] The appeal in this *170 case is not from the action of a zoning board but from a penalty assessed in a summary proceeding by a justice of the peace. It thus falls within the appellate jurisdiction of the Superior Court.[2] See Philadelphia v. Dortort, 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965).
Although this case was argued on its merits and neither party has objected to an assumption of jurisdiction by this Court, our lack of direct appellate jurisdiction can, and should, be raised sua sponte. The parties, even by consent, cannot confer jurisdiction where such is in fact lacking. See Philadelphia v. William Penn Business Institute, 423 Pa. 490, 223 A. 2d 850 (1966); Commonwealth v. Yorktowne Paper Mills, Inc., 419 Pa. 363, 214 A. 2d 203 (1965). We leave to the Superior Court the resolution of the merits of this controversy which include, inter alia, whether under the Ransom Township Zoning Ordinance the keeping of a horse in a barn where chickens were previously raised is a permissible continuation of a nonconforming use.
This appeal is hereby remitted to the Superior Court.
NOTES
[1] See generally Philadelphia v. Chase and Walker Corp., 429 Pa. 161, 240 A. 2d 65 (1968); Philadelphia v. Dortort, 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965).
[2] In Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964) we did consider and resolve the merits of a similar appeal. It does not appear whether the appeal was perfected prior to the effective date of the Act of August 14, 1963. In any event, this statute was not called to the Court's attention, and thus Ashenfelder cannot be read to allow an appeal directly to this Court.