## Roosevelt Drive-In Theatre, Inc. v. Middletown Township

Before Monroe, Mountenay and Rufe, JJ.

*Oscar S. Bortner,* for plaintiff.

*Allen A. Pechter,* for defendant.

RUFE, J., May 2, 1974.—Middletown Township in Bucks County enacted an ordinance prohibiting and penalizing as a nuisance the open display of nudity and sexual conduct. The Roosevelt Drive-In Theatre, a drive-in theater operating in the township, seeks to enjoin the enforcement of the ordinance because its lease may be terminated in the event it allows or permits a nuisance to be conducted upon the leased premises. The parties have prepared and filed a stipulation of facts in the case, and, accordingly, the granting or denying of the requested injunction depends entirely upon the validity of the ordinance. This legal question was submitted to the above court en banc, whereupon this opinion is written. We conclude that the injunction must be granted, and the ordinance declared invalid for the reasons hereinafter stated.

The Drive-In Theatre challenged the validity of the ordinance on four grounds: (1) the ordinance uncon-

stitutionally infringes on the Drive-In's freedom of speech; (2) the alleged nuisance sought to be prohibited by the township does not fall within the class of nuisances which the township has the authority to control under the Second Class Township Code; (3) the ordinance is so vague as to violate due process; and (4) the ordinance seeks to regulate an area preempted by State law. The court's decision is based entirely and completely upon the fourth ground raised and this decision does not address itself to the other three grounds and in no way should be considered as determinative of the respective contentions raised by the parties on the first three grounds above set forth and argued.

The ordinance in question, effective January 1, 1973, as Middletown Township Ordinance 72-14, is entitled:

"An Ordinance by the Board of Supervisors, Township of Middletown, Prohibiting and Penalizing as a Nuisance The Unsolicited Open Display of Nudity, Sexual Conduct or Sado-Masochistic Activities to the General Public."

Section 1 of the ordinance provides:

"It is hereby declared that any photograph, drawing, or other visual material depicting nudity, sexual conduct, or sado-masochistic activities *which appeals predominately to prurient interest in sex* when displayed so as to be visible to and without solicitation by any member of the public at large who is lawfully in or on any building, thoroughfare, facility, vehicle or area proximate to and in the environs of said display and is then and there involuntarily exposed to viewing same is declared to be and is prohibited as a nuisance offensive to the general public and inimical to the maintenance by the Supervisors

of the peace, good government and welfare of the Township." (Emphasis supplied.)

The ordinance in section 2 then goes on to define "nudity," "sexual conduct" and "sado-masochistic activities" in virtually the same language as contained in the Crimes Code definitions under the obscenity section: December 6, 1972, P. L. 1065 (No. 334), sec. 1, 18 Pa. C. S. §5903, (e)(2), (3) and (5). It should also be noted that all the language pertinent to this decision in The Penal Code of June 24, 1939, P. L. 872, sec. 524, as amended, 18 PS §4524, is identical to the language adopted in the Crimes Code.

There is no doubt that the township may not regulate or control activity in any area of endeavor which is already regulated or controlled by the State: Second Class Township Code, May 1, 1933, P. L. 103, art. VII, sec. 702, cl. LXII, added Aug. 27, 1963, P. L. 1280, sec. 1, 53 PS §65762; Commonwealth v. Ashenfelder, 413 Pa. 517 (1964); Commonwealth v. Barnhardt, 12 D. & C. 2d 255, 7 Bucks 78 (1957). The question now before us is whether or not the State has pre-empted control of the field of activity which the township now seeks to regulate.

In the Crimes Code section prohibiting obscenity, cited above, the legislature has determined that to "exhibit" or "show" obscene material is a misdemeanor. We do not think the use of the verb "display" by the township in its ordinance, as related to the proscribed material, changes the character of the activity so as to remove it from under the Crimes Code.

The Crimes Code cited above defines "obscene" as "that which, to the average person applying contemporary community standards, *has as its dominant theme, taken as a whole, an appeal to prurient interest.*" The township ordinance as noted above,

applies to "material depicting nudity, sexual conduct, or sado-masochistic activities *which appeals pre-dominately to prurient interest in sex*," and also as stated above, "nudity," "sexual conduct" and "sado-masochistic activities" are defined in the township ordinance with virtually the identical wording of the definitions of the same terms in the Crimes Code. We do not believe that the re-aligning of the words describing the proscribed material in the ordinance, but refraining from referring to it as "obscene," has the effect of removing the exhibiting, showing, or displaying of such material from the Crimes Code.

Thus, we are led to the inevitable conclusion that there is no activity regulated or controlled by the township ordinance that is not already regulated and controlled by the Crimes Code. Accordingly, the State legislature having already preempted the field, we have no alternative but to find the present ordinance in question invalid.

### ORDER

And now, May 2, 1974, the Township of Middletown is permanently enjoined from enforcing Middletown Township Ordinance 72-14, which is hereby declared to be invalid.