City of Easton *v.* Marra, Appellant.

Submitted June 10, 1974. Before Watkins, P. J., Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*Philip D. Lauer,* for appellant.

*John C. Hambrook, James C. Hogan,* and *Hogan & Scott,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This is an appeal from the order of the Court of Common Pleas, Northampton County, denying appellant's motion to reinstate his appeal from an order of a Justice of the Peace.

The City of Easton, through its administrative officers, brought complaints against appellant for a violation of the City's housing code. The cases were heard by a Justice of the Peace who found appellant in violation of the code and imposed fines thereon. Appellant then filed an appeal from that judgment to the Common Pleas Court. In the caption of his notice of appeal, appellant directed the appeal to "The Court of Common Pleas of Northampton County, Civil Division". On the day scheduled for the hearing, the City of Easton filed a praecipe to strike the appeals. The prothonotary struck the appeals and the hearing judge then ordered appellant to file a motion to reinstate the appeals. After it was filed and answered, the hearing judge denied the motion because of appellant's failure

to perfect the appeals in accordance with the rules of procedure governing appeals from orders and judgments of a justice of the peace.

Specifically, appellant did not file a rule upon the City to file a complaint as required by Justice of the Peace Rule 1004B and serve same on the city as required by Rule 1005B.[1] These rules regulate appeals from judgments and decisions of Justices of the Peace in Civil Matters. Appellant contends that the Court below abused its discretion in refusing to reinstate the appeal because appellant justifiably believed that the proceedings before the Justice of the Peace are criminal in nature, that the fines imposed are criminal penalties, and that the proper procedures to be followed in perfecting an appeal are contained in the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L. 1137, No. 355, §§3-6, 42 P.S. §§3003-3006; and Pa. R. Crim. P. No. 67. Appellant's appeal was in compliance with these rules.

At one time it was true, as appellant argues, that the proper classification of an action before a magistrate or justice of the peace against an individual for the violation of a municipal ordinance as civil or criminal was confusing and unsettled. See *Pleasant Hills Borough v. Carroll*, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956). This is, however, no longer the case. In *York v. Baynes*, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959), Judge WOODSIDE, writing for the court

---

[1] Rule 1004B provides:

"B. If the appellant was the defendant in the action before the justice of the peace, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros." Rules 1005 §§A&B require the appellant to serve the rule upon the appellee, and file proof of service of the rule with the prothonotary. Appellant failed to comply with all these rules.

stated at p. 585: "The question is a procedural one and involves no great principle of law, but it is important that it be settled. We shall, therefore, . . . put the problem to rest." The court held in unequivocal terms that "an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding." 188 Pa. Superior Ct. at 585. The action is civil despite the captioning of the case in the name of the Commonwealth, [see *Commonwealth v. Ashenfelder*, 413 Pa. 517, 198 A. 2d 514 (1964)]; despite the fact that the penalty imposed is termed a fine [see *York v. Baynes*, supra]; despite the designation of the offense as a misdemeanor, [see *Steelton v. Rashinsky*, 33 Dauphin 227 (1930), cited with approval in *York v. Baynes*, supra]; and despite the institution of an action by warrant, [see *Commonwealth v. Ashenfelder*, supra]. See also *Commonwealth ex rel. Ransom Township v. Mascheska*, 429 Pa. 168, 239 A. 2d 386 (1968); *Philadelphia v. Home Agency, Inc.*, 4 Comm. Ct. 174, 285 A. 2d 196 (1971).

Appellant's allegation that he believed the appeal to be from a summary criminal conviction is belied by the fact that he treated the appeal as civil in nature and directed his appeal to the Civil Division of the Common Pleas Court. Since the case was a civil proceeding, appellant was bound to perfect his appeal in accordance with Pennsylvania Justices of the Peace Rules 1004 and 1005. By failing to do so appellant was subject to the sanction of Rule 1006,[2] providing for the striking of appeals upon the praecipe of the appellee.

---

[2] Rule 1006 provides:

"Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

Although the rules provide for reinstatement "upon good cause shown", appellant's allegation that he was confused as to the nature of the case, in light of his own treatment of the appeal and the well-established law defining the nature of such a case did not establish the requisite "good cause".[3]

Order affirmed.

---

[3] Neither party has objected to our jurisdiction to decide the instant appeal. The appeal is from a final order involving the application of the procedural rules, and not "the application, interpretation or enforcement of (i) any act of the General Assembly regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employes or agents thereof, acting in their official capacity, or (ii) any home rule charter or local ordinance or resolution." The Appellate Court Jurisdiction Act, July 31, 1970, P. L. 673, No. 223, Art. IV, §402, 17 P.S. §211.402. Cases in the latter category are properly within the exclusive jurisdiction of the Commonwealth Court. See *Commonwealth ex rel. Ransom Township v. Mascheska*, supra.