## Commonwealth v. Badman

*Joseph A. Campagna, Jr.*, for appellant.
*E. Eugene Brosius*, for appellee.

MOSER, *J.*, July 9, 1975—Arthur Eugene Badman was issued a citation for violation of City of Sunbury Ordinance No. 858, section 6(g), prohibiting anyone from carrying or having in his or her possession food or beverages from 7 p.m. until 7 a.m. in Cameron Park, a center-city, block-long

park. After a hearing before the magistrate, defendant, on October 10, 1974, was found guilty and sentenced to pay a fine and costs. Twelve days after the judgment, defendant appealed to this court, directed to the Criminal Division, by filing a "Notice of Appeal from Summary Criminal Conviction" on a form patterned after Pa.R.Crim.P. 67 and 68. A de novo hearing was held, wherein defendant asserted that the aforesaid ordinance is unconstitutional on its face by reason of the strictures of the First, Fifth and Fourteenth Amendments to the United States Constitution, and article 1, secs. 7 and 20 of the Pennsylvania Constitution.

This court cannot reach the constitutional issues or the merits of the case itself, however, unless the preliminary question in every case, that is, whether the court has jurisdiction over the controversy, is resolved affirmatively. Although the parties in the present case have not questioned this court's jurisdiction, the objection of lack of subject-matter jurisdiction can never be waived and may be raised at any stage of the proceedings by the court on its own motion: Commonwealth v. Little, 455 Pa. 163, 314 A. 2d 270 (1974); Commonwealth ex rel. Ransom Township v. Mascheska, 429 Pa. 168, 239 A. 2d 386 (1968).

The jurisdictional problem here arises from the procedural mode of appeal chosen by defendant. Apparently, under the belief that this was a criminal case, in appealing from the determination of the magistrate, defendant followed the Rules of Criminal Procedure and placed the case in the Criminal Division.

Yet the law is clear that "an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due

the municipality and is a *civil* proceeding.": York v. Baynes, 188 Pa. Superior Ct. 581, 585, 149 A. 2d 681 (1959). (Emphasis supplied.)

This rule enunciated in York has been adhered to and restated by our appellate courts on many occasions since: Commonwealth ex rel. Ransom Township v. Mascheska, supra; Waynesburg Borough v. Van Scyoc, 419 Pa. 104, 213 A. 2d 216 (1965); Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964); Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A. 2d 637 (1974); Philadelphia v. Rohm & Haas Company, Inc., 5 Pa. Commonwealth Ct. 73, 290 A. 2d 428 (1972), supplemental opinion and order, 5 Pa. Commonwealth Ct. 287, 290 A. 2d 428 (1972); Philadelphia v. Home Agency, Inc., 4 Pa. Commonwealth Ct. 174, 285 A. 2d 196 (1971).

Various arguments advanced to avoid the principle have been uniformly unsuccessful: "The action is civil despite the captioning of the case in the name of the Commonwealth; . . . despite the fact that the penalty is termed a fine; . . . despite the designation of the offense as a misdemeanor; . . . and despite the institution of an action by warrant." (citations omitted): Easton v. Marra, supra, at page 355.

Without question, the present action is a civil proceeding. Even though it was captioned in the name of the Commonwealth and summary criminal appeal, this was due to the steps taken by defendant in his appeal. At all times, the interests of the municipality have been represented by the city solicitor, and not the district attorney. The fact that this action was instituted by citation does not alter its civil character. See Commonwealth v. Ashenfelder, supra. We find nothing in the record before

us or otherwise which could have unfairly misled defendant.

In light of the well-established law that such a proceeding is civil, the court in the recent decision of Easton v. Marra, supra, held that it was improper for appellant in that case to follow the criminal appeal procedure contained in the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137 (No. 355), sec. 3-6, 42 PS §3003-3006, and now embodied in Pa.R.Crim.P. 67, to appeal from judgments entered by a magistrate for violations of a municipal ordinance. See also Philadelphia v. Rohm & Haas Co., Inc., supra. Instead, the court in Easton held, appellant was bound to perfect his appeals in accordance with the justice of the peace rules governing appeals from judgments and decisions in civil matters, Pa.R.C.P.J.P. 1004 and 1005, and failure to do so subjected the appeals to being stricken by virtue of the sanction of Pa.R.C.P.J.P. 1006. Thus, another basis for dismissal exists, aside from lack of subject-matter jurisdiction, when an appeal in this type of proceeding is erroneously taken under the Rules of Criminal Procedure. Appellant in Easton had directed his appeals to the Court of Common Pleas of Northampton County, Civil Division in his notice of appeal, but, nevertheless, since the criminal route was taken, the Superior Court affirmed the lower court's denial of a motion to reinstate the appeals based on Rule 1006, supra.

This court is clearly without any jurisdiction over the instant appeal because of its civil character. We are, therefore, compelled to comply with the mandate of Pa.R.C.P. 1032(2): "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . .

240

the court shall dismiss the action." See Carelli v. Lyter, 430 Pa. 543, 244 A. 2d 6 (1968). Moreover, the appeal is ineffective due to defendant's non-compliance with the justice of the peace rules necessary to perfect an appeal in civil matters.

## ORDER

And now, July 9, 1975, the appeal filed by Arthur Eugene Badman from his conviction before the district justice of the peace for a violation of Sunbury Ordinance No. 858, section 6(g), is dismissed, and Arthur Eugene Badman is found guilty of violating the City of Sunbury Ordinance No. 858, section 6(g), and shall pay the costs of the proceeding and a fine of $25 to the City of Sunbury, and in default of the payment thereof, shall undergo imprisonment for not more than ten days.