## Commonwealth v. Partchey

*Edward K. Strauss*, for appellant.
*E. Eugene Brosius*, contra.

KIVKO, *P. J.*, August 28, 1975—Recently this court, by opinion of Judge Moser entered in the case of Commonwealth v. Badman, 47 Northumb. L. J. 147 (1975), dismissed an appeal to the Criminal Division of this court taken under Pa. R. Crim. P. 67 from a judgment entered by a magistrate for the violation of a municipal ordinance because of the well-established law, reaffirmed in Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A. 2d 637 (1974), that such proceedings before the magistrate are civil in nature and thus appealable only to the Civil Division, in compliance with the Justice of the Peace Rules governing appeals in civil matters. We are asked in the instant appeal to reevaluate our holding in Badman in light of the "new" Pa. R. Crim. P. 51 and the comments thereto.

This case originated with the filing of a criminal complaint by the City of Sunbury on March 11, 1975, against Robert Partchey, alleging that on certain dates during the winter of 1974-75 a minimum average room temperature of 70 degrees Fahrenheit was not maintained in all of the habita-

48

ble rooms of a multi-family dwelling owned by him, contrary to City of Sunbury Ordinance No. 880, section H-403-0. Adjudged guilty after a hearing before the magistrate, he appealed in the same fashion as the appellant in Commonwealth v. Badman, supra, to our Criminal Division, utilizing a form patterned after Pa.R.Crim.P. 67 and 68.

On the date set for the hearing of the appeal, the City of Sunbury presented a motion to quash and dismiss the appeal based on the fact that the criminal appeal route was taken. Initially, this court granted the motion, but upon appellant's petition, this order was withdrawn so that briefs and further argument could be presented in view of appellant's assertion that Rule 51, supra, implicitly overruled the prior case law defining these proceedings as civil.

Rule 51 governs how, and by what means, criminal proceedings in summary cases are to be instituted. Appellant, relying on amended Rule 51, to be effective on September 1, 1975, points to the following language of the rule, found in subsections (3)(a), to support his contention: "Except as provided in subparagraphs A(3)(b) and (c), a citation shall be issued to the defendant by a police officer who shall be in uniform or display a badge or other sign of authority, when the offense charged is *any other violation of an ordinance* or summary offense" (Emphasis supplied). The prior Rule 51 did not specify "violation of an ordinance" explicitly. Further, appellant draws our attention to the Explanatory Note to the amended Rule 51 which states: "Summary cases include both those in which there is charged a summary offense as defined in the Crimes Code, found at 18 P.S. §106(c), and those in which a violation of an ordinance im-

posing criminal penalties is charged. See Rule 3. A criminal proceeding shall be brought under Chapter 50 of these Rules in cases in which all the offenses charged are either summary offenses or ordinance violations."

In essence, appellant's argument is that, since amended, Rule 51 explicitly provides that a violation of an ordinance, which imposes imprisonment upon conviction or upon failure to pay a fine or penalty, shall be instituted by citation, appeal from the magistrate under Pa.R.Crim.P. 67 is proper.

We cannot accept what we perceive to be the underlying premise to appellant's argument, that is, the manner in which the proceedings are to be instituted determines whether they are civil or criminal. Any doubt as to the nature of the proceedings as being for the recovery of a penalty due the municipality, and thus civil, was settled in York v. Baynes, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959), and this rule has been adhered to ever since. In Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964), the court indicated that the inquiry is whether it is fundamentally an action instituted for the violation of a municipal ordinance; facts such as the action's institution by the issuance of a warrant, or that the penalty is termed a "fine" (with imprisonment upon default), do not alter its civil nature. This court in Commonwealth v. Badman, supra, found that the fact that the action was instituted by citation was of no moment. We are not concerned here with the manner by which municipal authorities institute proceedings against violators of ordinances, but rather with the nature of these proceedings before the magistrate. Rule 51, as amended, bears no direct relevance to this latter inquiry. Moreover, it is extremely doubt-

ful that the promulgation of the amended Rule 51 "implicitly" was intended to overrule the principle of York v. Baynes, supra, especially since the explanatory comment to the rule is silent on this point.

Finally, appellant's reliance on Rule 51, as amended, is misplaced because the amendments are not yet effective. This history of this rule is unusual in that the amendments were effective for a short period, from February 1, 1975, until March 21, 1975, but were then rescinded until September 1, 1975: 5 Pa. Bulletin 224, February 8, 1975; 5 Pa. Bulletin 716, April 5, 1975. Although the complaint was filed on March 11, 1975, during the brief effective period of the amendments to Rule 51, at the time of the magistrate's hearing, April 7, 1975, and when the appeal was filed, April 28, 1975, it was no longer effective. The rescission of the amendments nullified their applicability to the instant case.

We deem it unnecessary to extensively discuss our conclusion that an appeal under Pa.R.Crim.P. 67 is improper in this type of proceeding. Easton v. Marra, supra, dispelled any belief that Rule 67, which embodied the procedure originally contained in the Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137 (No. 355), secs. 3-6, 42 P.S. §§3003-3006, was the proper appeal vehicle. Nothing before us in this case compels a different result from that reached in Commonwealth v. Badman, supra.

Even though the appeal was taken to the wrong division, appellant contends that by virtue of the Act of July 29, 1965, P.L. 298 (No. 156), 42 P.S. §929, the legislature responded to Commonwealth v. Ashenfelder, supra, and directed that appeals not be lost but transferred to the Civil Division. This

statute was specifically saved during the promulgation of the Justice of the Peace Rules, Pa.R.C.P.J.P. 1082(1). It provides: "Whenever an appeal from a judgment of a magistrate or justice of the peace is taken to any court instead of the court to which it should have been taken, the appeal shall not thereby be lost, but the court to which the appeal was taken shall transfer the cause to the court to which the appeal should properly have been taken. 1965, July 29, P.L. 298 No. 156 §1."

There are no appellate decisions explicating the legislature's intention here as to the ready transfer of appeals from a magistrate's judgment lodged initially in the wrong "court." It is unclear exactly what is encompassed by the term "court." In any event, it is vital that an appeal be properly perfected. The Superior Court in Easton v. Marra, supra, ignoring the above statute, decided that an appeal not perfected in accordance with Pa.R.C.P.J.P. 1004 and 1005, because of appellant's confusion as to the nature of this type of case, was properly stricken by the court below. Thus, this court cannot ignore the fact that this appeal was not just taken to the wrong division, over which no jurisdiction could be exercised, but such an appeal is in total noncompliance with the requisites necessary to perfect such an appeal. In Philadelphia v. Rohm & Haas Co., Inc., 5 Pa. Commonwealth Ct. 73, 290 A. 2d 428 (1972), the court refused to gloss over the distinctions of appeal under separate statutes: "Appellee's argument that it makes no difference which statute was chosen because both lead to the same Court of Common Pleas is without merit. Each statute provides a different procedure to be followed tailored to the type of case involved, to which any party desiring to appeal must adhere."

We, therefore, enter the following

ORDER

And now, August 28, 1975, the motion of the City of Sunbury is granted and the appeal of Robert Partchey is quashed and dismissed.