## Commonwealth ex rel. Bashore v. Leininger

*Harry V. Klein, Jr.,* for plaintiff.
*Vincent B. Makowski* and *Eugene Brosius,* for defendant.

RANCK, *J.,* April 7, 1977 — The instant problem is a final determination concerning a petition for a writ of habeas corpus. Relatrix was sentenced by a district justice to confinement for two days in the Northumberland County prison for failure to make installment payments on fines arising out of parking violations. The parties agree that the warden, who appears as nominal defendant, has acted properly in all instances herein and was only made a party to this proceeding in his capacity as custodian of the "corpus." The real issue is the legality of the confinement.

Relatrix alleges that the district justice failed to provide a hearing prior to imprisonment as mandated by Pa. R. Crim. P. 65. Because of the nature of the offense and the circumstances surrounding the imprisonment, relatrix was released upon her own recognizance until a hearing could be held to determine the propriety of the district magistrate's procedure. Hence, our decision will determine whether relatrix will finish the remainder of her two day sentence.

Before we judge the adequacy of the hearing afforded relatrix, we must dispose of another question. It is asserted that since the original action was for the violation of a municipal ordinance, the suit for recovery of the penalty was a civil proceed-

ing to which the Rules of Criminal Procedure have no applicability. Therefore, the argument continues, if Pa. R. Crim. P. 65 is not apposite, the hearing requirements set forth therein have no bearing on the actions of the district magistrate and consequently the writ of habeas corpus should be denied and relatrix returned to confinement.

It is true that "an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding." York v. Baynes, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959). This is correct even though the action is instituted by warrant or despite the fact that the offense is designated a particular grade of crime, e.g., a misdemeanor: City of Easton v. Marra, 230 Pa. Superior Ct. 352, 355, 326 A. 2d 637 (1974). However, we are appalled at the proposition that where the end result is incarceration an individual may be denied due process of law in the form of a hearing merely because the proceeding resulting in imprisonment is styled civil rather than criminal.

Relatrix was imprisoned for failure to pay an installment on a fine. She specifically placed her indigency in issue before the district justice. The United States Supreme Court has held that the incarceration of "an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term" is constitutionally defective as violative of equal protection: Tate v. Short, 401 U.S. 395, 398, 91 S. Ct. 668, 28 L.Ed. 2d 130 (1971). We believe the same constitutional principles apply where the imprisonment is for failure to make an installment payment on a fine and such failure results solely from indigency

rather than any wilful disregard of civil obligations.[1]

As a practical matter, the question of indigency cannot be decided without a hearing. Moreover, since the action of the committing authority works a deprivation of liberty, it is axiomatic that due process requires an opportunity to be heard in the form of a hearing. See Grannis v. Ordean, 234 U.S. 385, 394, 34 S. Ct. 779, 58 L.Ed. 1363 (1914). This hearing is only required where indigency is directly placed in issue and, of course, the commitment results from a failure to pay a fine rather than as part of the original penalty. Therefore, on the basis of the due process and equal protection clauses of the Fourteenth Amendment, we would have no difficulty holding that an imprisonment which results from a failure to pay a fine or an installment thereof solely because defendant is indigent, even where the fine represents a civil penalty, is constitutionally impermissible. Further, before such an imprisonment is permitted, the district justice must hold a hearing and determine that defendant is able to pay the fine or installment.

We need not reach this result, however, since in our view Pa. R. Crim. P. 65 is applicable to the case at bar. Promulgated by the Supreme Court of Pennsylvania, the Rules of Criminal Procedure "govern criminal proceedings in all courts including courts not of record." Pa. R. Crim. P. 1(a). "Criminal proceedings" are said to "include all ac-

---

1. The court in Tate suggested installment payments as a practical solution to the collection problem: 401 U.S. 395, 400, fn. 5. In our opinion this was not an attempt to exclude such a procedure from equal protection considerations. Certainly the crucial issue is whether the incarceration is solely a function of the defendant's financial status.

tions for the enforcement of the Penal Laws." Pa. R. Crim. P. 3(f). The Rules state that "Penal laws include all statutes and embodiments of the common law which establish, create or define crimes or offenses *including any ordinances which may provide for imprisonment* upon conviction or *upon failure to pay a fine* or penalty." (Emphasis supplied.) Pa. R. Crim. P. 3(k).

Thus, while enforcement of a municipal ordinance is a civil proceeding, it is clear that the Supreme Court intended the Rules of Criminal Procedure to apply where, as here, the particular proceeding may result in imprisonment either as part of the penalty or upon failure to remit a fine. We do not find this an extraordinary result. As a matter of policy the possibility of incarceration would require the use of greater procedural safeguards than exist in the Rules of Civil Procedure for Justices of the Peace. Hence, we hold that Pa. R. Crim. P. 65 is applicable to the case at hand and is the appropriate standard by which the procedures of the District Justice must be judged.[2]

Relatrix was jailed for failure to meet an installment payment on a fine stemming from a parking violation. Under the clear language of Rule 65, a defendant who defaults on payment of a summary fine cannot be committed to prison unless a hearing has been held at which it is estab-

---

2. We note that there is some authority for the proposition that while a summary prosecution for violation of a municipal ordinance is an action for a civil penalty, this is not true of a prosecution for violation of a parking ordinance which is, in fact, a criminal prosecution for violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1021, as amended, 75 P. S. §1021. In such case the municipality is merely exercising its power under the Code, Act of April 29, 1959, P. L. 58, sec. 1103, as amended, 75 P. S. §1103, to regulate parking. See Commonwealth v. Webster, 72 D. & C. 2d 117 (1975).

lished that defendant does have the ability to pay. Imprisonment can then, and indeed should, follow since such facts would normally indicate a gross lack of civil responsibility. The same requirements append under Rule 65(d) when there is a failure to meet an installment payment on the fine.

No question is raised as to the interpretation of this rule. The single issue is whether the District Justice did in fact hold a hearing prior to relatrix' imprisonment. An examination of the record reveals that there was nothing which amounted to a hearing. It follows that the imprisonment was unlawful and we will consequently vacate the sentence of the District Justice.

The District Justice agrees that Rule 65 requires a hearing before imprisonment may be imposed, but argues that there is no specification as to the formality of the hearing. He contends that he did hold a hearing, albeit quite an informal hearing. In his view such informality is permissible since he was well acquainted with relatrix and the circumstances of the case.

We agree that a hearing, by its very purpose, must stress substance over form. We are convinced, however, that the informality in the present case was so great that no rational substantive conclusion could have obtained.[3] The record shows that the District Justice asked no questions that would have established the financial condition of relatrix. Further, he stated that at the time of the "hearing" he was neither aware of relatrix'

3. Absence of structure and formality in hearings can have adverse effects. We observe that Rule 4(B) of the Rules Governing Standards of Conduct of Justices of the Peace states: "A justice of the peace shall maintain order and decorum in the proceedings before him. He shall wear judicial robes while conducting hearings and trials."

exact salary nor her day to day expenses. Because the hearing requirements set out in Rule 65 go to the issue of indigency, and the District Justice made no attempt to make such a determination, it is clear that no hearing within the expectations of Rule 65 was held. "[A] hearing in its very essence demands that he who is entitled to it shall have the right to support his allegations by argument however brief, and, if need be, by proof, however informal." Londoner v. City and County of Denver, 210 U.S. 373, 28 S. Ct. 708, 52 L.Ed. 1103 (1908). Relatrix was not permitted to exercise these rights.

We have no doubt that the District Justice acted in good faith in all aspects of the controversy. Nevertheless, the hearing requirements of Rule 65 were not observed. Therefore, we enter the following

### ORDER

And now, April 7, 1977, after hearing held and deliberative analysis of counsels' arguments, it is ordered and directed that the order of the District Justice imprisoning Helen R. Bashore, relatrix herein, be vacated.