**Vessella v. Lawrence Cablevision, Inc.**

*James M. Keller* and *Thomas M. Uber,* for plaintiffs.

*Chris J. Mitson,* and *Braham, Mitson and McCracken,* for defendants.

PER CURIAM, December 16, 1977 — Before this court is defendant's preliminary objection in the nature of a demurrer to plaintiff's complaint in equity.

## FACTUAL BACKGROUND

Plaintiff filed this complaint in equity to restrain defendant from terminating cable television service to their motel, the Holiday Inn of New Castle. The complaint alleges that defendant arbitrarily imposed a 300 percent rate increase and that the increase is in violation of section 78.31, subsection 31(a)(4) of the Federal Communications Commission (F. C. C.) regulations as well as a breach of the agreement between the parties for cable television service. Plaintiff also asks this court to declare Ordinance No. 2-1965 of Union Township unconstitutional because that ordinance grants a license to defendant to operate a cable television franchise without providing for due process notice in regard to any rate increases.

Defendant filed a preliminary objection in the nature of a demurrer pursuant to Pa. R.C.P. 1017(b)(4). This objection contends that plaintiff's complaint fails to state a cause of action because neither the agreement between the parties nor the F. C. C. regulation prohibits the rate increase. Also, defendant contends that Union Township cannot force Lawrence Cablevision to hold public hearings because, being a second class township, Union Township does not have the power to regulate cable television franchises.

## DISCUSSION

According to time-honored principles, a demurrer by defendant admits all relevant facts pleaded in the complaint and all inferences fairly deducible therefrom. In ruling on a demurrer, two concepts are to be kept in mind: (1) the question to be decided is not whether the statement of plaintiff's

claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it but rather whether upon the facts averred it shows with certainty that the law will not permit a recovery by plaintiff, and (2) where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it: Sun Ray Drug Co. v. Lawler, 366 Pa. 571, 79 A.2d 262 (1951).

Turning now to the specifics of defendant's demurrer, Lawrence Cablevision contends that its rate increase is not illegal because Union Township, being a second class township, has no power to order public hearings or franchise cable television.

Since no statute specifically authorizes second class townships to franchise and regulate cable television, we must look to the general rule governing the authority of municipal governments. The general rule regarding the powers of municipalities in the Commonwealth is that they "possess only such powers as have been granted to them by the legislature, either in express terms or which arise by necessary and fair implication or are incident to powers expressly granted or are essential to the declared objects and purposes of the townships." Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A.2d 514 (1964).

Defendant contends that there is no authority in The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 P. S. §65101 et seq., that allows Union Township to enact any ordinance regulating Lawrence Cablevision. Therefore, since second class townships possess only that authority given to them by the legislature, and the legislature has not given second class town-

ships the power to franchise or regulate cable television systems, Union Township cannot force defendant to hold public hearings before implementing rate increases.

On the other hand, plaintiff argues that although there is no express regulatory authority in The Second Class Township Code, the authority to regulate Lawrence Cablevision can be implied as necessarily incident to the townships' power over their highways and,roads. To support this position, plaintiff cites the decision of Commonwealth Court in Borough of Scottdale v. National Cable Television Corp., 28 Pa. Commonwealth Ct. 387, 368 A.2d 1323 (1977). In that case, the court ruled that a borough has the power to regulate cable television companies. The court pointed to the specific power granted by the legislature to the borough to enact street and sewer regulations: The Borough Code of February 1, 1966, P. L. (1965) 1656, as amended, 53 P. S. §46202(17). They also noted that the Supreme Court has held that "[t]he streets and alleys of cities, towns and boroughs are under the control and direction of these municipalities and they hold all the power over them that can lawfully exist." Wood v. McGrath, 150 Pa. 451, 456, 24 Atl. 682, 683 (1892). Plaintiff would have this court extend this decision and rule that second class townships can also regulate cable television.

Plaintiff's position has been expressly rejected by the court in Lower Nazareth Township v. Service Electric Cable T.V., Inc., 43 Northamp. 112 (1977). There, the court distinguished the Commonwealth Court's ruling in Borough of Scottdale v. National Cable Television Corp.

". . . The Third Class City Code specifically provides for the grant of franchises. 53 P. S. §36057.

The Borough Code specifically provides for the regulations of streets. 53 P. S. §46202(17). There is no similar franchise or regulatory provision contained in the Second Class Township Code.

"The Second Class Township Code does provide for some regulation of the roads, 53 P. S. §66156, but at the same time clearly indicates that a second class township is without the power it attempts to exercise by Ordinance No. 39.

"Second class townships are limited to two types of regulations. They may issue permits regulating installation on public roads and require certain fees. . . .

"Furthermore, the last sentence of 53 P. S. §66156 clearly indicates the limited power of second class townships over the regulation of permits using their roads. 'Further, nothing in this section shall be construed to authorize or empower a township to regulate or control the operations of any permittee, except as provided for in this section.' This sentence obviously was inserted to indicate that §66156 povides *all* the regulatory authority second class townships possess . . ." (Emphasis in original.)

This court concludes that the caveat in the last sentence of 53 P. S. §66156 clearly indicates that Union Township has no power to force Lawrence Cablevision to hold public hearings and afford due process before any rate increase can be implemented. Any such ordinance enacted by Union Township would go beyond the permissible regulation of the installation and maintenance of cable television over township roads and into the forbidden area of regulating or controlling the operation of the television system.

The conclusion that Union Township cannot regulate Lawrence Cablevision's rates is not dis-

positive of defendant's demurrer. Plaintiff also argues that even though Union Township cannot regulate cable television by its own power, the F. C. C. regulations require approval by the local government of all cable television rates. To support this position, plaintiff cites section 76.31(a)(4) of the Federal Communications Commission Regulations which states that in order to obtain a certificate of compliance from the F. C. C., the cable television company shall have:

". . . a franchise or other appropriate authorization that contains recitations and provisions consistent with the following requirements: . . .

"(4) The franchising authority has specified or approved the initial rates that the franchisee charges subscribers for installation of equipment and regular subscriber services. No increases in rates charged to subscribers shall be made except as authorized by the franchising authority after an appropriate public proceeding affording due process."

This regulation cannot give Union Township the power to regulate Lawrence Cablevision's rates. The 1972 F. C. C. regulations developed and recommended a dual system of jurisdiction over cable television systems. The F. C. C. stated that it, along with the local governments, would participate in the regulation: 1972 Cable Television Report and Order, 36 F. C. C. 2d 143 (1972). The F. C. C. is unable to create regulating power in municipalities which do not have such specific statutory power: Lower Nazareth Township v. Service Electric Cable T.V., Inc., supra.

This inability to install powers in local governments has also been recognized by the F. C. C. In August of 1976, they released Report No. 29-34, 38 R.R. 2d Class, 110, which deleted section 76.31 of

the F. C. C. regulations because, as the commission recognized, their rules and regulations could not give authority to franchising bodies where such authority does not exist under State law. Therefore, any reliance upon F. C. C. Regulation 76.31(a)(4) by plaintiff is unfounded and does not state a cause of action.

However, in his complaint, plaintiff is also alleging that Lawrence Cablevision has breached its contract by imposing the 300 percent increase. Paragraph seven of the complaint states:

"In July, 1974, the plaintiff entered into an oral agreement with the defendant, Lawrence Cablevision, Inc., whereby the defendant, Lawrence Cablevision, Inc. agreed to provide closed circuit television transmission, which improved picture reception and increased reception to 12 channels, to the plaintiff's motel in Union Township, Lawrence County, at a rate of $90.00 per month. The defendant, Lawrence Cablevision, Inc., assured plaintiff they could rely both on the quality of the service and the stability of rates."

Defendant contends that these averments fail to state a cause of action because there is no agreement as to the duration or term of the alleged agreement and that there is no averment that the agreement was not cancellable by either party.

It is well settled that when there is no express provision in a contract as to its duration, the intention of the parties regarding the duration and how the contract is to be terminated is to be determined from the nature and subject matter of the contract, from the circumstances under which it was executed, and by an application of a reasonable construction of the agreement as a whole: Thomas v. Thomas Flexible Coupling Co., 353 Pa. 591, 46

A.2d 212 (1946). All of these determinations are to be made by the trier of fact and cannot be made at the pleading stage. Thus, it cannot be said that the complaint shows with certainty that the law will not permit a recovery. Therefore, because doubt exists as to whether the demurrer should be granted, the doubt is resolved in favor of refusing to enter the demurrer: Sun Ray Drug Co. v. Lawler, supra.

## ORDER

Now, December 16, 1977, for the reasons stated in the accompanying opinion, defendant's preliminary objection in the nature of a demurrer is dismissed.