**Derr Lumber & Millwork Co. v.
Custom Stairway & Millwork Inc.**

*William B. Brooks*, for plaintiff.
*Steven Richardson*, for defendant.

LOWE, *J.*, December 9, 1988 — Derr Lumber & Millwork Co. brought suit against Custom Stairway and Millwork Incorporated to collect payment allegedly owed for the manufacture of doors for a construction project. Defendant refused payment because some of the doors apparently were not made according to specifications.

A hearing on the matter was held before District Justice Donald O. Reihl on December 10, 1987. On December 30, 1987, judgment was entered against defendant. Within the 30-day period required by the Pennsylvania Civil Procedure for District Justices,* a notice of appeal, order for transcript, and proof of service were filed. These documents were returned to defendant on January 28, 1988. Defendant express-delivered the documents on January 29, 1988.

Defendant did not serve the notice of appeal or the rule to file a complaint upon plaintiff by certified mail or personal service. Additionally, defendant did not file the proof of service of its notice of appeal upon the prothonotary of Montgomery County or the proof of service upon plaintiff of the rule to file a complaint within five days after filing the notice of appeal, all required by rule 1005 B.

---

* All rules refer to the Pennsylvania Rules of Civil Procedure for District Justices.

On February 16, 1988, plaintiff filed with the prothonotary a praecipe to strike the appeal because defendant failed to comply with the rules. The appeal was stricken pursuant to rule 1006. On March 3, 1988, defendant brought a motion to reinstate the appeal before this court which denied the motion.

Defendant's counsel failed to comply with the procedures under these rules, but he contends that when the documents were received from the court "he was unable to comply with the provisions of rules 1005 A and 1005 B within five days of the date of filing." Under rule 1006 the court of common pleas may reinstate the appeal only upon good cause shown. Good cause was not shown to this court.

The Pennsylvania Rules of Civil Procedure for District Justices are clearly stated. Rule 1004 A requires the appellant on appeal from a decision of a district justice in a civil matter to request a rule to file a complaint upon the appellee by certified mail or personal service. The appellant did so by express mail, which is not specifically authorized under the rules.

Rule 1005 A provides that the appellant must serve a copy of its notice of appeal by certified mail or personal service upon both the appellee and the district justice who rendered the judgment. Again the appellant did so by express mail.

Rule 1005 B states that, within five days after filing the notice of appeal, the appellant must file with the prothonotary proof of service of the notice of appeal and proof of service of the rule to file a complaint upon the appellee. This the appellant did not do.

Rule 1006 states that upon the failure of the appellant to comply with rules 1004 A or 1005 B, the

prothonotary must, upon praecipe of the appellee, mark the appeal stricken from the record. The appeal may be reinstated by the court of common pleas upon good cause shown. *Easton v. Marra,* 230 Pa. Super. 352, 326 A.2d 637 (1974); *Voynik v. Davidson,* 69 D.&C. 2d 267 (1975); *Simon DeChalet Inc. v. Naponic,* 21 D.&C. 3d 408 (1980).

The provisions of rule 1006 barring an appeal in the absence of good cause shown are necessary to insure compliance with the requirements that service of both the notice of appeal and the rule to file a complaint be made within five days and that the appellant have proof that service was made. *Hyde v. Crigler,* 10 D.&C. 3d 769 (1979). Where the appellant fails to file these proofs of service, the striking of the appeal is proper. *Cluck v. Geigley,* 58 D.&C. 2d 429 (1972).

The time limits prescribed by the rules serve an important function in keeping the courts operating efficiently. The note to rule 1006 states that the rule is "intended to provide sanctions for failing to act within the time limits prescribed." In an attempt to show good cause so that its appeal may be reinstated, the appellant-defendant maintains that it has a meritorious case and that the appellee-plaintiff would not be prejudiced if an appeal followed. This explanation alone does not constitute good cause for the appeal to be reinstated. An appeal from the decision of a district justice that has been stricken should be reinstated only under exceptional circumstances. *Voynick* and *Hyde, supra.*

Therefore, no good cause or exceptional circumstances being shown, this court correctly denied the motion to reinstate the appeal.