O’BRIEN, J.,
On July 10, 1989, President Judge James R. Marsh entered a decree adjudicating various landlord-tenant disputes between the parties to this proceeding, docketed at *549 no. 3218 Civil of 1988. The decree granted injunctive relief to both parties and provided in part:
“These conditions shall remain in effect until the lease agreement ends or until such measures are no longer necessary to maintain a harmonious landlord-tenant relationship and the court withdraws them.”
While the ink was barely dry on Judge Marsh’s decree, and the injunctive provisions of the decree were still in effect, plaintiffs, Edward M. Alexanian et ux., filed a landlord-tenant complaint before a district justice on October 29, 1989. The district justice dismissed the complaint and plaintiffs filed a notice of appeal. The prothonotary struck the notice of appeal for failure to comply with the service requirements and plaintiffs filed a petition to reinstate their appeal. Defendants filed an answer to this petition and following briefs and arguments the issue of the reinstatement of the appeal is now before the court for disposition.
The rules governing procedure before the district justices provide in relevant part as follows:
“A. The appellant shall by personal service or by certified registered mail serve a copy of his notice of appeal upon the appellee and upon the district justice in whose office the judgment was rendered. . . .
“B. The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by rule 1004B, within five days after filing the notice of appeal.” Pa.R.C.P.D.J. 1005.
In the case at bar, plaintiffs, who filed their notice of appeal pro se, attempted to effect service by first class mail rather than by personal service or certified or registered mail as required by the rule. They also failed to file proof of any service. Therefore the *550 prothonotary, upon praecipe, struck the appeal in compliance with Pa.R.C.P.D.J. 1006 which provides as follows:
“Upon failure of the appellant to comply with Rule 1004(A) or Rule 1005(B), the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.”
Plaintiffs now seek to have their appeal reinstated upon “good cause shown.” In support of their position, counsel for plaintiffs relies upon the holding of our Superior Court in Quarato v. Facelifters, Ltd., 305 Pa. Super. 536, 451 A.2d 111 (1982). In that case, proper service was effected upon the opposing party and the only non-compliance with the rule was the failure to file a proof of service. However, in the case at bar, plaintiffs failed to both effect service in accordance with the rule and to file proof of service. Therefore, this proceeding is governed by the holding of the Superior Court in the City of Easton v. Marra, 230 Pa. Super. 352, 326 A.2d 637 (1974), where the appeal was stricken for failure to effect proper service. Therefore, we conclude that good cause has not been shown to reinstate the appeal between these litigants. See also, Polybac v. Weiner, 31 D.&C. 3d 320 (1984).
ORDER
And now, December 20, 1990, the petition of plaintiffs, Edward M. Alexanian and Jane M. Ale-xanian, to reinstate their appeal is denied.