Commonwealth of Pennsylvania *v.* Louis J. Carter, Appellant.

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision. Reargued April 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

570

*Louis J. Carter,* appellant, for himself.

*William J. Furber, Jr.,* with him *Parker H. Wilson,* and *Wilson, Oehrle & Drayer,* for appellee.

OPINION BY JUDGE WILKINSON, JR., September 8, 1977:

This is an appeal from an order of the Court of Common Pleas of Montgomery County striking appellant's appeal from an adjudication of guilt upon the charge of falsely activating a home burglar alarm in violation of a Lower Merion Township ordinance. We affirm.

On September 19, 1975, appellant was issued a citation for the unlawful activation of a home burglar alarm in violation of Lower Merion Township Ordinance No. 1672, Secton 1600.2. The case was docketed by the District Justice of the Peace as a criminal case. Appellant was required to appear before the District Justice and plead "guilty or not guilty." He did the latter. After a hearing, on October 9, 1975, Carter was adjudged guilty and ordered to pay a fine plus costs in the sum of $21. Carter appealed his conviction to the Court of Common Pleas, challenging the

constitutionality of the ordinance. He sought to perfect his appeal pursuant to the Pennsylvania Rules of Criminal Procedure. On June 23, 1976, the lower court, on its own motion, ordered the appeal stricken on the ground that it had not been taken in compliance with law. The lower court so concluded, based upon the premise that an action brought for the violation of a municipal ordinance is a civil proceeding, and, therefore, Carter's appeal was defective because it was not taken in compliance with the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Justices of the Peace.[1] A timely petition for reinstatement of the appeal was filed by appellant but not acted upon by the lower court.[2]

It has long been settled in this Commonwealth that an action instituted for violation of a municipal ordinance is a civil proceeding. *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964); *York v. Baynes,* 188 Pa. Superior Ct. 581, 149 A.2d 681 (1959). As we stated in *City of Philadelphia v. Home Agency, Inc.,* 4 Pa. Commonwealth Ct. 174, 177, 285 A.2d 196, 198 (1971):

---

[1] Appellant contends that the lower court could not raise this issue sua sponte, we find no merit in this contention.

[2] In a footnote to his opinion of July 26, 1976, dismissing appellant's appeal, Judge TREDDINICK explained:

1. Defendant filed a timely petition to reinstate the appeal. Unfortunately, this was not called to the attention of the Court until the last day for appeal, when the press of other business precluded its consideration. The expiration of the appeal period and subsequent notification of appeal precluded the court from acting on that petition thereafter. Pa. Rule of Appellate Procedure No. 1701(b)(3)(ii).

*See, City of Easton v. Marra,* 230 Pa. Superior Ct. 352, 326 A.2d 637 (1974) which indicates that confusion concerning the type of case involved in view of the well established case law on this subject does not establish the requisite good cause necessary to reinstate an appeal.

So many practitioners have been broken on the anvil of the principle settled by the cases cited, that we feel strongly that it should not be put in question again in this case.

Appellant argues that this principle has again been placed in question, since the adoption of Pa. R. Crim. P. 67, effective January 1, 1974. Rule 67 reads in pertinent part:

> (a) After conviction by an issuing authority in any summary proceeding, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred.

It is appellant's argument that the manner in which his violation of the ordinance was handled by the District Magistrate (appellant was asked to plead guilty or not guilty and the notice for hearing referred to bail, the action against appellant was docketed in the Criminal Docket, and appellant was found guilty and convicted of the violation of the ordinance) and the fact that the ordinance itself refers to the penalty imposed as a fine, led him to reasonably believe the violation of the ordinance was criminal. While this case exhibits certain indices of a criminal action, the rule laid down in *Commonwealth v. Ashenfelder, supra,* and *York v. Baynes, supra,* is still applicable. Indeed, in *Commonwealth v. Ashenfelder, Id.* at 525, 198 A.2d at 517, the Supreme Court held:

> The fact that the Commonwealth, erroneously, in the caption is made the party prosecuting does not change the nature of this proceeding, i.e., a suit for the recovery of a penalty due to the Township for a violation of its ordinance. The rationale of York v. Baynes, in our view sound, controls this situation. Even though this action were instituted by the issuance of a warrant—which the record before us does

not disclose—and even though the penalty under the provisions of the ordinance is termed a 'fine,' this is fundamentally an action instituted for the violation of a township ordinance and an appeal from the judgment entered in such action should have been taken to the court of common pleas and not to the court of quarter sessions.

Thus, we must affirm the action of the lower court in dismissing this appeal.

Our conclusion is further buttressed by a recent amendment to Rule 67, adopted on May 26, 1977, effective July 1, 1977. Rule 67 now reads in pertinent part:

> (a)  After conviction by an issuing authority in any summary proceeding, *including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine,* a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred. (Emphasis in original.)

The accompanying Comment to Rule 67 has also been amended and clearly indicates that the purpose behind the amendment of Rule 67 was to *clarify* its application to summary convictions for violations of municipal ordinances.

> *The 1977 amendment makes clear that the rule applies to appeals from summary convictions in prosecutions for violations of municipal ordinances which provide for the possibility of imprisonment. The Rules of Criminal Procedure are applicable generally to these proceedings. See, e.g., Rules 3(k) and 3(f), Chapter 50 (Summary Cases), and Chapter 6000.*
>
> *The narrow holding in City of Easton v. Marra, 230 Pa. Super. 352, 326 A.2d 637 (1974),*

*is not in conflict, since the record before the court did not indicate that imprisonment was possible under the ordinance there in question.* (Emphasis in original.)

The ordinance in the instant case does not provide for imprisonment upon conviction or upon failure to pay a fine.[3] Hence, this clarifying amendment to Rule 67 makes it abundantly clear that the rule set down in *Commonwealth v. Ashenfelder, supra,* and *York v. Baynes, supra,* remains viable.

Accordingly, we will enter the following

### ORDER

Now, September 8, 1977, the order of the Montgomery County Court of Common Pleas, Criminal Division, in No. 4709, October Term, 1975, dated July 26, 1976, dismissing the appeal of Louis J. Carter from a conviction of a local ordinance, is affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

---

OPINION BY JUDGE DiSALLE FOLLOWING REARGUMENT, July 25, 1978:

This appeal from an order of the Court of Common Pleas of Montgomery County striking the appeal

---

[3] Upon a similar set of facts, the Superior Court recently held in *Lower Merion Township v. Schenk,* 247 Pa. Superior Ct. 494, 372 A.2d 934 (1977), that *Commonwealth v. Ashenfelder, supra,* and *York v. Baynes, supra,* had been overruled by Rule 67. The Superior Court reasoned that upon such an accumulation of circumstances indicating a criminal action was being prosecuted, it would be "Orwellian" for the appeal to be barred for failure to follow the Rules of Civil Procedure. The Superior Court then, without the benefit of the clarifying amendment to Rule 67, cited Section 3304 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, 53 P.S. §58304, which allows for a defendant to be imprisoned upon default of the payment of the fine or penalty imposed for the violation of the ordinance.

of Louis J. Carter (Appellant) from an adjudication of guilt upon the charge of falsely activating a home burglar alarm in violation of the Lower Merion Township Ordinance was originally heard by a panel of judges of this Court. Subsequent to the filing of the opinion in the case, we agreed to hear reargument before the Court en Banc. Since the facts were fully set forth in the opinion of the panel, and are reported at *Commonwealth v. Carter*, 36 Pa. Commonwealth Ct. 569, 377 A.2d 831 (1977), we will not reiterate them here. While we agree with the conclusion of the panel that the appeal in this case was civil in nature, upon reconsideration we now modify the order attached thereto.

It is well-settled that the law favors the right of appeal. The Pennsylvania Supreme Court in *Womelsdorf v. Heifner,* 104 Pa. 1, 4 (1883): "Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal." *See Field's Appeal,* 305 Pa. 125, 157 A. 262 (1931). Where the defect is the erroneous filing of the proceeding in the wrong court, this error may be corrected by certifying the case to the proper tribunal. *Gaitley's Adoption,* 303 Pa. 200, 202, 154 A. 368, 369 (1931); *Romberger Appeal,* 190 Pa. Superior Ct. 11, 16, 151 A.2d 805, 808 (1959).

Analogously, we note that Pa. R.A.P. 751 allows for the liberal transfer of cases which are improperly filed in our appellate courts. It is provided therein:

(a) General rule. If an appeal or other matter is erroneously taken to or brought in a court which does not have jurisdiction of the appeal or other matter, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal

or other matter shall be treated as if originally filed in that court on the date erroneously filed in the other court.

(b) Transfers by prothonotaries. An appeal or other matter may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.

This Rule, and the judicial pronouncements relating to the certification to the proper tribunal of cases erroneously filed, indicate an intent to preserve a litigant's right of appeal if at all possible.[1]

In the instant case, the appeal was timely filed, albeit in the wrong division of the court of common pleas. Consequently, the lower court should not have stricken Appellant's appeal. Instead, it should have, *sua sponte*, if necessary, transferred the appeal from the criminal to the civil docket. We therefore remand this case for that purpose.

### ORDER

AND Now, this 25th day of July, 1978, the order of this Court dated September 8, 1977, is hereby vacated, and the order of the Court of Common Pleas of Montgomery County, Criminal Division, in No. 4709, October Term, 1975, dated July 26, 1976, dismissing the appeal of Louis J. Carter, is reversed and the case is remanded to permit the court below to transfer the appeal to its civil docket.

---

[1] We note that interdivisional transfers of erroneously filed appeals are provided for by the Judicial Code, 42 Pa. C.S. §5103(c). This is also indicative of the trend to liberally transfer cases which have been improperly filed.