Commonwealth of Pennsylvania *v.* Michael H. Malin, 2235 Line Lexington Road, Hatfield, Pennsylvania. Hatfield Township, Appellant.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Marc B. Davis,* with him *Pearlstine, Salkin, Hardiman & Robinson,* for appellant.

*Michael H. Malin,* with him *Ronald J. Restrepo,* for appellee.

PER CURIAM OPINION, October 25, 1978:

Michael Malin was charged with violating the Hatfield Township Weed Ordinance, Hatfield Township, Pa., Ordinance 254.1 (September 9, 1971). The ordinance prohibits a property owner from allowing certain named weeds or any weed that would be harmful to the health and welfare of the general public to reach a height in excess of ten inches.

A District Justice found Malin guilty and fined him $61.00. He appealed to the Court of Common Pleas of Montgomery County, Criminal Division. The Prosecutor filed a Petition and Rule to Strike the Appeal on the grounds that it should have been filed with the Civil Division. The Trial Court dismissed that motion, and at the close of the Prosecutor's case in chief, sustained Malin's Motion to Dismiss. The Township has appealed to this Court.

In *Commonwealth of Pennsylvania v. Carter,* 36 Pa. Commonwealth Ct. 569, 389 A.2d 241 (1978), we held that the lower court should not have stricken an appeal timely filed in the wrong division of the Court

of Common Pleas, but should simply have transferred the appeal to the appropriate docket. *Carter* clearly controls here. Therefore, the trial court correctly refused to strike Malin's appeal.

Concerning the granting of Malin's motion to dismiss, we find that the trial court could reasonbly have found that the evidence, viewed in the light most favorable to the Prosecutor, failed to show either that any of the enumerated weeds existed on Malin's property or that those weeds present were detrimental to the general public. The court did not err in sustaining Malin's motion to dismiss.

We affirm.

PER CURIAM ORDER

AND Now, this 25th day of October, 1978, the May 20, 1977 order of the Court of Common Pleas of Montgomery County is affirmed.