## Commonwealth v. Rogers

*Morris H. Sheer*, for plaintiff.
*John D. Maida*, for defendant.

TREDINNICK, *J.*, May 15, 1979—This case was commenced on January 24, 1979, with the filing of a private criminal complaint which charged defendant with conducting a business on his residentially zoned property in violation of section 1113 of the Narberth Zoning Ordinance. After a hearing before District Justice Seymore Green, defendant was found guilty of the charges stated in the complaint. Defendant appealed to both the civil and criminal divisions of the court of common pleas. In the civil action, a judgment of non pros was entered against the borough for failure to file a complaint pursuant to a rule entered against the borough. The borough currently has pending a motion to strike that judgment of non pros. The case is before us now on the criminal side of this action pursuant to defendant's motion to dismiss the complaint.

Defendant bases this motion on his contention that this action must be brought by the borough as a civil (i.e., a suit for a penalty) and not a criminal (i.e., a summary offense) action. The legal question with which this case deals involves water so turbid and stormy that only dire necessity causes us to plunge in. Since we must, we start with a brief synopsis of the legal problem which confronts us.[1]

First and foremost, there is a split between the Superior and Commonwealth Courts as to the nature of this type of case. In Lower Merion Township v. Schenk, 247 Pa. Superior Ct. 494, 372 A. 2d 934 (1977), the Superior Court, with Judge Spaeth writing the court's plurality opinion for himself and Judges Watkins and Cercone, and with Judge Hoffman concurring in the result only, held that the new Pennsylvania Rules of Criminal Procedure overruled previous case law[2] and made the violation of the township ordinance in question a criminal offense. The fact that the ordinance in Schenk did not itself provide for anything more than a fine was no obstacle to the court's finding, since it found that the ordinance was a "penal law"[3] via the existence of another statute providing for

---

1. Perhaps the late President Judge Hargest of Dauphin County said it best when he stated: "There are few subjects of procedural law upon which so much learning has been expended (and obtained) as that distinguishing a summary conviction from a suit for a penalty and determining the proceedings in each." Steelton v. Rashinsky, 33 Dauph. 227, 229 (1930).

2. That case law held that actions against one who violates a municipal ordinance are civil in nature. See Com. v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964).

3. Pa.R.Crim.P. 3(k).

imprisonment for nonpayment of a fine.[4] However, the following year the Commonwealth Court came to the exact opposite conclusion in Com. v. Carter, 36 Pa. Commonwealth Ct. 569, 377 A. 2d 831 (1978). In that case the court stated that a recent amendment to Rule 67[5] "clearly indicates" that a violation of a municipal ordinance is civil unless the ordinance *itself* (and not some *other* statute) provides for imprisonment upon conviction or upon failure to pay a fine. Therefore, the court held that "the rule set down in Commonwealth v. Ashenfelder . . . [that a violation of a municipal ordinance involves a civil proceeding] remains viable." However, with all due respect to the Commonwealth Court, we feel it is entirely possible (given the new amendment's wording) that the Superior Court could, when again confronted with this issue, hold that the amendment to Rule 67 actually *supports* its conclusion in Schenk.

Furthermore, there is another problem inherent in this case. The leading cases over the past two decades have dealt with non-borough forms of municipalities (i.e., cities, townships). Therefore,

---

4. Act of June 24, 1931, P.L. 1206, art. XXXIII, sec. 3304; Act of May 27, 1949, P.L. 1955, sec. 62, 53 P.S. §58304.

5. Rule 67(a) read as follows before the 1977 amendment: "After conviction by an issuing authority in any summary proceeding, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred."

After the 1977 amendment, Rule 67(a) read (and continues to read) as follows: "After conviction by an issuing authority in any summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred."

while these cases often made broad statements on the issue at bar, i.e., "It has long been settled in this Commonwealth that an action instituted for violation of a *municipal* ordinance is a civil proceeding." (Emphasis supplied.) Carter, supra, at 571, the facts of these cases did not deal with *borough* ordinances. Significantly, The Borough Code of 1966 speaks far more affirmatively on this issue than does the Township Code. The Borough Code does so by stating that: "Any violation or failure to comply with any provisions of any borough ordinance shall constitute a summary offense . . . " Act of February 1, 1966, P.L. 1 (1965) 1656, sec. 3301, 53 P.S. §48301. On the other hand, the Township Code does not label violations of township ordinances as being summary offenses,[6] but merely delineates the applicable *procedure* to be used as being that of summary proceedings. 53 P.S. §58301.

It is also significant that the historical note following section 48301 in Purdon's Penna. Statutes Annotated states that "[t]his section was completely rewritten with the result that violation or failure to comply with an ordinance is a summary offense, prosecuted as such (and with appeals to the court of quarter sessions) whereas formerly [the] action was civil in nature . . . "

We have carefully considered all of the above factors and have concluded that this case is properly in the criminal division of the court of common pleas. The plain language of the 1966 Borough Code dictates this result (see Statutory Construction Act of

---

6. A summary offense is, of course, a "criminal offense." Act of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §106(c).

December 6, 1972, P.L. 1339, 1 Pa.C.S.A. §1921), as does the fact that none of the post-1966 appellate cases which held that violations of municipal ordinances are civil in character dealt with *borough* ordinances. At least one other county has reached the same conclusion on this issue. Com. v. Johnson, 31 Somerset 195 (1975). Therefore, defendant's motion to dismiss cannot be sustained on this ground.

Defendant also contends that the action should have been brought in the name of the Borough of Narberth and not in the name of the Commonwealth. However, inasmuch as we have held above that the violation of the borough ordinance was a criminal offense, we perceive no error in bringing the action in the name of the Commonwealth.

The next contention of defendant is that the private criminal complaint contains substantive defects requiring dismissal under Pa.R.Crim.P. 150. First, he submits that the borough's use of the summons applicable to court cases, Pa.R.Crim.P. 111, rather than using the summons provided for summary cases (the alleged violation clearly being a summary offense) is a substantive defect. We cannot agree. The comment to Rule 150 is particularly helpful here. That comment states that:

" 'Informal defect' refers to errors which do not prevent the substantive content of the document from being plainly understood.

"Substantive defects would include those cases in which the defendant's identity cannot be determined or in which the offense is not properly described."

We believe that the use of the Rule 111 form was an informal defect here. We perceive no distinction

in the two forms which, upon the fact of this case, could work to confuse defendant or prejudice his case.[7] Thus, this contention is without merit.

Defendant next avers that the charges against him in the complaint lacked sufficient specificity as to the time of his alleged violation of the ordinance. We disagree. In the complaint, the time of violation is stated to be "on or about September 27, 1978 and thereafter." We believe that this language was sufficient to inform defendant that he was being charged with a *continuing* violation of the Borough Zoning Ordinance.[8] This is especially true when one considers that a precise date of termination of violation was impossible to give inasmuch as defendant apparently continued to operate the unauthorized business even after the private criminal complaint was filed. Therefore, under these circumstances, the complaint was sufficiently specific regarding the time of the violation. See also Com. v. Shaffer, 31 Somerset 395 (1976).

Finally, defendant contends that the allegations set forth in the complaint are not sufficient to allege a violation of the Borough Zoning Ordinance.[9] He bases this contention on the fact that certain busi-

---

7. Defendant has not alleged that he has in any way been prejudiced by the use of the Rule 111 form.

8. The fact that defendant was being charged with a continuing violation was made clear farther down in the complaint where it is stated that "the defendant . . . is conducting business activities."

9. The complaint stated that the "acts committed by the accused were: Defendant has been and is conducting business activities from premises 215 Hampden Avenue, Narberth, which is located in a R-3 residential district."

nesses are permitted in the zoning district[10] in question and yet the complaint does not aver that his business is one which is unsanctioned. We cannot agree with this reasoning. It is eminently reasonable to infer from the complaint that defendant is being charged with operating a business which is *not* permitted under the ordinance. Furthermore, the existence of the permissive businesses in the ordinance creates an affirmative defense which is available to defendant if he can show that his is one of those businesses which is allowed. Therefore, this assertion is without merit.

In light of the foregoing discussion, we enter the following

### ORDER

And now, May 15, 1979, after consideration of briefs and argument thereon, defendant's motion to dismiss the complaint in the above-captioned action is denied.

---

10. These businesses are "tilling of the soil, telephone central office; railway passenger station; borough, county, state or federal use," and "professional office or studio and room for home occupations . . . located in a dwelling in which the practitioner resides." Narberth Zoning Ordinance, section 301.