# Lang v. Windsor Mt. Joy Mutual Insurance Company

*Dante Mattioni*, for plaintiff.
*Peter F. Cianci*, for defendant.

HILL, *J.*, September 2, 1981 — Plaintiff originally filed this case on March 7, 1980 as Civil Action no. 80-983 in the United States District Court for the Eastern District of Pennsylvania. In a memorandum and order filed April 23, 1980, Judge Troutman dismissed this action for lack of complete diversity of citizenship. The United States Court of Appeals for the Third Circuit affirmed Judge Troutman's dismissal in a judgment order filed on December 30, 1980.

On January 26, 1981, plaintiff petitioned Judge Troutman to transfer this matter to this court. Plaintiff's petition was denied in a memorandum and order filed February 26, 1981 on the basis that because there was no Federal jurisdiction over the case a Federal court retained no power of transfer.

Subsequently, on March 2, 1981 upon plaintiff's praecipe, the prothonotary of this court transferred this case from Federal court and docketed it in this court at no. 183 March Term, 1981.

Defendants have petitioned this court to void such a transfer and to strike the instant action from its docket.

At issue is 42 Pa.C.S.A. §5103[1] which addresses the transfer of erroneously filed matters and provides, in relevant part, that:

"(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

(b) Federal cases.—Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth."

Defendants submit that the above statute authorizes only a Federal court to transfer a matter

1. Act of July 9, 1976, P.L. 586, No. 142, §2, effective June 27, 1978, *as amended by* Act of April 28, 1978, P.L. 202, No. 53, §10 (56) (effective June 27, 1978).

from Federal to state court. Defendants therefore contend that in the absence of a Federal court order the instant transfer cannot properly be effected.

Plaintiff disputes defendants' assertion and argues that the statute simply requires that the party seeking to transfer the erroneously filed case make the requisite filings with the prothonotary.

In construing 42 Pa.C.S.A. §5103, this court initially notes that the statute favors the liberal transfer of cases which have not been properly filed: Com. v. Carter, 36 Pa. Commonwealth Ct. 569, 389 A. 2d 241 (1978). This court further notes that the statute's general rule requiring that an erroneously filed matter be transferred to the proper court and treated, for purposes of the statute of limitations, as if filed in the proper court on the date of the original filing (subsection (a)) is explicitly made applicable to improperly filed Federal cases (subsection (b)). The purpose of subsection (b), in this court's opinion, is to eliminate the need for filing a protective action in state court as a precaution in the event that the Federal court lacks jurisdiction. Under subsection (b) a case erroneously filed in Federal court may be transferred to state court; the statute seeks to avoid the draconian result of dismissal.

Although subsection (b) does not specifically address the question whether a Federal court order is necessary for a matter to be transferred from Federal to state court, it does provide that, unless otherwise prescribed by general rules or by a Federal court order, transfer may be effected by filing with the state court a certified transcript of the final judgment of the Federal court and related pleadings. Instantly, there is no contrary prescription either by general rules or by Federal court order. Consequently, this court concludes that transfer was completed by plaintiff's filing of the requisite

transcript and pleadings with it. Indeed, in the apparent absence of any Federal statute or procedural rule providing for the transfer of Federal actions to state court, the statute's purpose of preserving plaintiff's cause of action in state court would be vitiated if this court were to interpret the statutory language otherwise. To argue, as do defendants, that a Federal court order is required is an unjustifiably strict construction of the statute and ignores the statute's liberal intent.[2]

No more convincing is defendants' claim that an additional reason for voiding the transfer of the instant matter is the existence of cases in this court between the same parties and involving the same cause of action, docketed at no. 579, April Term, 1980, and no. 1292, December Term, 1980. Defendants' assertion that these cases are prior pending actions is misguided since the statute's general rule concerning the relation back of the time of filing to the time of the original filing in Federal court results in the instant case being treated as if filed on March 7, 1980. Accordingly, the other actions are to be viewed as *subsequent* to the instant case. Plaintiff indicated in his pleadings and again at oral argument a willingness to consolidate these matters.

As the result of the foregoing examination of the intended meaning of 42 Pa.C.S.A. §5103 defendants' petition to void the transfer of this case from Federal court and to strike it from the docket of this

---

2. This court's analysis of the statute is in accord with the interpretation recommended by Judge Herman in Pope v. Richards Manufacturing Company, et al., Civil Action no. 78-789 (U.S.D.C.M.D.Pa.) (unpublished June 26, 1979, memorandum and order). Accord, Pope v. Reams, 12 D. & C. 3d 730 (1979); Firich v. The American Cystoscope Makers, Inc., 14 D. & C. 3d 492 (1980).

court is found to be without merit and is therefore denied.

## ORDER

And now, September 2, 1981 upon consideration of defendants' petition to void the transfer of the instant action from the United States District Court for the Eastern District of Pennsylvania to this court and to strike the case from this court's docket, and of plaintiff's answer thereto, and of all supporting memoranda of law, and of oral argument, it is hereby ordered and decreed that said petition is denied.