Frances E. BELL

v.

John C. BRENNAN, et al.

Civ. A. No. 83–1185.

United States District Court, E.D. Pennsylvania.

Aug. 22, 1983.

A. Leo Sereni, Broomall, Pa., for Bell.

Frederick T. Lachat, Jr., Rawle & Henderson, Philadelphia, Pa., for Brennan et al.

## MEMORANDUM

GILES, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Further, plaintiff asserts pendent jurisdiction with respect to various state law claims. Defendants have moved to dis-

miss the complaint on the grounds that plaintiff has not stated a federal claim upon which relief can be granted. For the following reasons, defendants' motion shall be granted.

## I. BACKGROUND

Plaintiff was operating an automobile on May 18, 1981 on MacDade Boulevard, Ridley Township, in Delaware County. A collision with John Brennan's car occurred at an intersection. The cars were proceeding in different directions and the collision obviously was at an angle. In his capacity as a police officer of Ridley Township, Brennan gave information to Police Sergeant McNichol who issued to plaintiff a citation for reckless driving. Plaintiff requested and was granted a hearing before a magistrate to defend herself against the charge. At the hearing the charge was dismissed. Plaintiff subsequently filed suit here alleging violations of her constitutional and civil rights.

## II. DISCUSSION

■ Plaintiff claims a violation of 42 U.S.C. § 1981. The main thrust of § 1981 is to prohibit discrimination based upon race. *Presseisen v. Swarthmore College,* 71 F.R.D. 34, 38 (E.D.Pa.1976). *See Rackin v. University of Pennsylvania,* 386 F.Supp. 992, 1008–09 (E.D.Pa.1974); *Holton v. Crozier-Chester Medical Center,* 419 F.Supp. 334, 336 (E.D.Pa.1976), *vacated on other gds.,* 560 F.2d 575 (3d Cir.1977) (§ 1981 limited to claims based on race or alienage). Plaintiff has made no such claim but has merely alleged that as a citizen of the United States she was treated unfairly and unequally by the police officers involved in the issuance of the citation. In the absence of such an allegation, her claim under section 1981 must fail.

■ Plaintiff also claims that under section 1983 she was a victim of malicious prosecution. A valid cause of action under this section is not made out simply by asserting that a common law tort was committed by a state official. *Cramer v. Crutchfield,* 648 F.2d 943, 945 (4th Cir.1981).

Rather, a plaintiff must allege deprivation of some constitutional right under color of law. *Id.; Howell v. Cataldi,* 464 F.2d 272, 279 (3d Cir.1972). Malicious prosecution generally does not constitute such a deprivation. *Clive v. Brusett,* 661 F.2d 108, 112 (9th Cir.1982), citing *Paskaly v. Seale,* 506 F.2d 1209 (9th Cir.1974). An exception exists where the malicious prosecution is conducted with an intent to deny a person equal protection or which otherwise subjects a person to denial of constitutional rights. *Id.* citing *Norton v. Liddel,* 620 F.2d 1375 (10th Cir.1980). Plaintiff's allegations do not fall within this exception. At best, she was embarrassed, angered and inconvenienced by the actions of the police officers. *See Curran v. Dural,* 512 F.Supp. 699 (E.D.Pa.1981). *Compare Clive* 661 F.2d at 112 (interest in liberty impaired under circumstances in which appellant's allegations strongly suggested that post-deprivation hearing under state law would not afford him due process).

■ Even if plaintiff had satisfactorily alleged a denial of her constitutional rights, malicious prosecution requires that: (1) the defendant initiate a criminal proceeding; (2) it must end in plaintiff's favor; (3) there must be no probable cause for the arrest or initiation of criminal charges; and (4) the defendant must act maliciously or for a purpose other than bringing defendant to justice. *Belcher v. United States,* 511 F.Supp. 476, 485 (E.D.Pa.1981); *Dellums v. Powell,* 566 F.2d 167, 191, n. 65 (D.C.Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). *See Thomas v. E.J. Korvette, Inc.,* 476 F.2d 471, 474 (3d Cir.1973); *Jennings v. Shuman,* 567 F.2d 1213, 1216–19 (3d Cir.1977). Plaintiff's claim fails in at least the first and third respects. The citation and subsequent hearing were civil in nature; no arrest was made and no prosecution initiated or encouraged by defendants. *See Commonwealth v. Carter,* 36 Pa.Cmwlth. 569, 377 A.2d 831, *vacated on other gds.,* 36 Pa. Cmwlth. 569, 389 A.2d 241 (1977) (action instituted for violation of municipal ordinance is civil proceeding). *Cf. Curran v.*

*Dural,* 512 F.Supp. at 703 (summons compelling plaintiff to appear before magistrate does not implicate Fourth Amendment). Probable cause existed to issue the citation;[1] a traffic accident had occurred and Sergeant McNichol relied on information from Officer Brennan regarding the cause of the incident.

Plaintiff further alleges that defendants "collaborated" with each other in the issuance of the citation in violation of 42 U.S.C. § 1985 which prohibits conspiracies against an individual's civil rights. For conduct to be actionable under this section there must be some racial or class-based, invidiously discriminatory animus motivating the conspirators' action. *O'Neill v. Grayson County War Memorial Hospital,* 472 F.2d 1140, 1144–45 (6th Cir.1973); *see also Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Because plaintiff has not alleged racial or class-based animus, her claim under this section must fail.

Plaintiff claims that certain defendants failed to prevent the conspiracy against her when they had the authority to do so, thus violating section 1986. Where a complaint fails to state a claim for conspiracy to violate constitutional rights, derivative claims that defendants had knowledge of a conspiracy must also be dismissed. *DiAntonio v. Pennsylvania State University,* 455 F.Supp. 510, 514 (M.D.Pa.1978).

Plaintiff's claim under section 1988, which provides compensation for attorney's successful civil rights actions, is also dismissed in view of plaintiff's failure to succeed on her preceding civil rights claims.

Plaintiff contends that her First, Fourth, Fifth and Fourteenth Amendment rights have been violated by the alleged acts of malicious prosecution. These claims are redundant of those brought under the civil rights statutes. Moreover, they lack the requisite specificity. In *Rotolo v. Bor-*

*ough of Charleroi,* 532 F.2d 920, 922–23 (3d Cir.1976), the Third Circuit viewed as "vague and conclusory" a claim by a plaintiff which merely alleged a violation of a First Amendment right, without specifying the protected activity. In the instant complaint, plaintiff employs conclusory language in averring that her constitutional rights were violated by defendants' actions. Plaintiff admittedly, and perhaps erroneously, received a traffic citation, requested and received a hearing at which she was allowed to defend herself and eventually was released from the charges. These facts do not, without more, arise to the level of a constitutional violation. Accordingly, her claims asserted under the First, Fourth, Fifth, and Fourteenth Amendments are dismissed.

Finally, plaintiff requests this court to exercise its pendent jurisdiction for her personal injuries caused by defendant Brennan's negligence in operating his car. She claims she is not barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.* by virtue of the vehicular liability exception, section 8542(b)(1). Pendent claim jurisdiction is a doctrine of discretion justified by judicial economy, convenience, and fairness to all litigants. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). When federal causes of action are dismissed, federal courts should not separately entertain pendent state claims. *Id.* at 726, 86 S.Ct. at 1139; *Roman v. Appleby,* 558 F.Supp. 449, 461 (E.D.Pa.1983). Therefore, plaintiff's pendent state claims are also dismissed.

An appropriate order follows granting defendants' motion to dismiss.

---

1. Probable cause which is a question for the court to decide, has been defined in malicious prosecution actions as a "reasonable ground of suspicion supported by the circumstances." *Curran v. Dural,* 512 F.Supp. at 703–04, quoting *Thomas v. E.J. Korvette, Inc.,* 476 F.2d 471, 474 (3d Cir.1973). Pennsylvania courts rigidly enforce this requirement. *Curran,* citing *Martinez v. E.J. Korvette, Inc.,* 477 F.2d 1014, 1016 (3d Cir.1973).