547 A.2d 1297

Borough of McAdoo, Appellant *v.* Lawn Specialties, Appellee.

*Joseph P. Semasek,* for appellant.

*Thomas L. Kennedy, Laputka, Bayless, Ecker & Cohn, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, September 28, 1988:

Before us for disposition[1] is a motion to quash this appeal filed by Lawn Specialties, a professional lawn care service, and the appeal by the Borough of McAdoo (Borough) from an order of the Court of Common Pleas of Schuylkill County which found that Borough Ordinance No. 113 had been preempted by state law and on this basis found Lawn Specialties not guilty of violating the ordinance.

On December 29, 1986, the Borough enacted Ordinance No. 113 which requires certain entities to obtain a license before performing any work of any type in the Borough. Chief Litchko and Patrolperson Pauline both observed Lawn Specialties performing lawn service work in the Borough. Further, Patrolperson Pauline had given an employee of Lawn Specialties notice that it needed to purchase a license. When Lawn Specialties failed to do so the officer issued a citation. At a hearing before the trial court, Neal DeAngelo, a partner in Lawn Specialties, testified that Lawn Specialties had already purchased a license from the Commonwealth of Pennsylvania, Department of Agriculture to perform work which basically consisted of the application of herbicides, pesticides and insecticides to the lawns of its residential and commercial customers. DeAngelo further testified that the license must be renewed each

---

[1] This case was reassigned to the opinion writer on August 18, 1988.

year. Lawn Specialties, thus, argued that the Commonwealth had preempted the field of regulation. The trial court agreed and found Lawn Specialties not guilty for that reason. The Borough appealed the decision of the trial court and Lawn Specialties has filed a motion to quash on the basis that the prosecution cannot appeal from a verdict of not guilty.

In considering the motion to quash, we must focus upon the actions of the trial court. First, the trial court ruled that the Borough was preempted from requiring Lawn Specialties to be licensed under Ordinance No. 113 and, hence, it concluded that the ordinance was unconstitutional as applied. Second, it determined, based upon its finding of preemption, that Lawn Specialties was "not guilty." We find this second determination, however, mere surplusage; once the trial court found that preemption existed, it should not have adjudicated Lawn Specialties' guilt or innocence on the merits.

Even if, however, what we have before us is an adjudication of not guilty on the merits, case law establishes that where a municipal ordinance is at issue the matter is treated as criminal for purposes of barring the prosecution's appeal *only* if there exists the possibility of incarceration. *See Commonwealth v. Carter*, 36 Pa. Commonwealth Ct. 569, 377 A.2d 831 (1977) (harmonizing *City of Easton v. Marra*, 230 Pa. Superior Ct. 352, 326 A.2d 637 (1974) with Pa. R. Crim. Proc. 67 [now Pa. R. Crim. Proc. 86]).[2] Rule 86 pertinently states:

(a)   When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which pro-

---

[2] The order in *Carter* was later vacated so as to direct the trial court to transfer the case to its civil docket. *See Carter*, 36 Pa. Commonwealth Ct. 574, 389 A.2d 241 (1978). This later order in no way altered the Court's earlier opinion as to the interpretation of Pa. R. Crim. Proc. 67.

vides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken.

The ordinance here provided only for a fine. Accordingly, the Borough does have the right to appeal[3] and the motion to quash is, therefore, denied. *See Commonwealth v. Rich,* 63 Pa. Commonwealth Ct. 30, 437 A.2d 516 (1981).[4]

As to the preemption question, Ordinance No. 113 provides in pertinent part that "all persons, associates and/or corporations performing work within the borough . . . undertaking to procure the performance of works or the furnishing of goods whether for the public or company or an individual for financial gain within the Borough of McAdoo, are required to first obtain a permit or license. . . ." The list of entities to which the ordinance applies includes a "professional lawn care company." Section 15.1(a) of the Pennsylvania Pesticide Control Act of 1973 (Act), Act of March 1, 1974, P.L. 90, 3 P.S. §111.35a(a), states in pertinent part, "[e]ach

---

[3] *Commonwealth v. Tillman,* 501 Pa. 395, 461 A.2d 795 (1983), which the parties cite in support of their respective positions on the motion to quash, is wholly inapplicable as it did not involve a municipal ordinance.

[4] In *Commonwealth v. Rich* this Court en banc determined that a Philadelphia ordinance dealing with obscenity was not preempted by state law. In that case the City and the Commonwealth appealed a common pleas court order which struck down the Philadelphia ordinance as an unconstitutional preemption. This Court did not preclude the appeal (perhaps because of the confusing state of the law then) although the local ordinance *did* provide for the possibility of incarceration. Instead, we decided the preemption question on the merits. Considering that Ordinance No. 113 does not even provide for the possibility of incarceration, the case for reaching the merits here is stronger than in *Carter.*

business . . . engaged in applying or contracting for the application of pesticides . . . shall hold a license stating those categories in which it is to do business." Section 5.1(a), 3 P.S. §111.25(a), pertinently provides, "[E]very pesticide which is distributed in this state shall be registered with the secretary [of Agriculture], subject to the provisions of this act." Additionally, Section 37 of the Act, 3 P.S. §111.57(b) provides as follows:

> This act and its provisions are of Statewide concern and *occupy the whole field of regulation regarding the registration, sale, transportation, distribution, notification of use, and use of pesticides to the exclusion of all local regulations*. Except as otherwise specifically provided in this act, no ordinance or regulation of any political subdivision or home rule municipality may prohibit or in any way attempt to regulate any matter relating to the registration, sale, transportation, handling or use of pesticides, if any of these ordinances, laws or regulations are in conflict with this act. (Emphasis added.)

This language is explicit in its intent to preempt, *inter alia,* registration of companies using pesticides and the use of pesticides. Therefore, we conclude that the state intends to occupy the field, *see Carolina Freight Carriers v. Pennsylvania Human Relations Commission,* 99 Pa. Commonwealth Ct. 428, 513 A.2d 579 (1986), and, hence, that the trial court correctly determined the preemption question.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, September 28, 1988, Lawn Specialties' motion to quash this appeal is hereby denied. It is further ordered that the order of the trial court is affirmed.