## Delta Borough v. York County Industrial Development Authority

*Gilbert G. Malone,* for plaintiff.
*Edward B. Golla,* for defendant.

CHRONISTER, *J.,* June 24, 1992—These three cases jointly were referred to the court by defendant for a ruling on the preliminary objections filed to the original complaint. Plaintiff filed an amended complaint. Defendant did not respond to the amended complaint, apparently because it did not correct the defects raised in the preliminary objections. Plaintiff took a default judgment on the amended complaint. Therefore plaintiff contends that the preliminary objections to the original complaint are moot.

There are additional disputes regarding the method of filing the lawsuit, and the determination of the amount of the default judgment. These lawsuits result from alleged violations of a borough ordinance, which provides for a penalty in the amount of up to $1,000. Plaintiff entered judgment by default for the maximum

permissible penalty. Defendant contends that even if a default judgment were proper, it could not be entered for the maximum amount of the penalty by default since the amount would be discretionary with the court.

Defendant further contends that the alleged violation of an ordinance is properly filed as a summary offense, rather than as a civil lawsuit. Plaintiff finally contends that there was already a pending civil lawsuit seeking an injunction because of the violations, and therefore the Court of Common Pleas had exclusive jurisdiction over these claims. Thus the plaintiff could not file a complaint before the district justice involving the same conduct.

Plaintiff filed these cases before the district justice as civil lawsuits. It is plaintiff's position that a legal action to enforce an ordinance is filed as a civil suit rather than criminal if the ordinance does not provide that the defendant shall be incarcerated for failure to pay the penalty. This position is based on an old line of cases going back to *York v. Baynes,* 188 Pa. Super. 581, 149 A.2d 681 (1959). That court stated that the enforcement of any ordinance was a civil matter and not a criminal matter. Plaintiff also supports its position by the recent decision of Judge Cassimatis in the case of *Hopewell Township v. Dallmeyer,* no. 90-SU-05411-09 (York County). In that case Judge Cassimatis ruled that a suit to enforce an ordinance was properly brought in civil court. Judge Cassimatis cited *Babin v. City of Lancaster,* 89 Pa. Commw. 527, 453 A.2d 141 (1985) and *Commonwealth, ex rel Allegheny County Health Department, Bureau of Air Pollution Control v. University of Pittsburgh,* 37 Pa. Commw. 117, 388 A.2d 1163 (1978), both of which rely on *York v. Baynes.*

The *Allegheny* case involved a criminal citation which was appealed to summary conviction court by the Commonwealth. The issue was whether the Commonwealth had the right of appeal, or whether the defendant was entitled to have the charge dismissed because of double jeopardy. That court reciting *York v. Baynes,* held that the matter was civil in nature, and the Commonwealth had the right to appeal. However, that holding was modified by subsequent cases which limited its application to ordinances which do not provide for incarceration. It is also noted that the fact that the case was filed as a summary conviction was not discussed. Therefore it is not very compelling authority for the proposition that a violation should be filed as a civil suit.

*Babin v. City of Lancaster* involved a zoning matter. It is therefore controlled by the Municipalities Planning Code which specifically provides that zoning matters are civil. In fact, zoning matters are not filed with a district justice. Therefore *Babin* is not on point.

This court's research has disclosed cases which apparently were not brought to Judge Cassimatis's attention by counsel. The case of *Lower Merion Township v. Schenk,* 247 Pa. Super. 494, 372 A.2d 934 (1977), states that *York v. Baynes* has been overruled by Pennsylvania Rule of Criminal Procedure 67(f).

The Superior Court noted that this ruling is clear when a defendant may be sentenced to jail for failure to pay the fine and costs. Further, the court found that the fact that the ordinance provides only for a fine or penalty does not change it into a civil proceeding. This is because a defendant may be imprisoned as readily

under the second type of ordinance as the first. The mere fact that the ordinance itself does not provide for the possibility of jail isn't controlling because the Township Code provides the penalty of incarceration for the failure to pay the fine or penalty regardless.

However, *Lower Merion Township v. Schenk,* is not the final word on the issue. The Commonwealth Court reached an opposite result in *Commonwealth v. Carter,* 36 Pa. Commw. 569, 389 A.2d 241 (1978). The court held that Pa.R.C.P. 67 is applicable only to ordinance violations where the ordinance specifically provides for imprisonment upon conviction or upon failure to pay a fine. That case distinguished *Lower Merion Township v. Schenk* because the Superior Court did not have the benefit of the clarifying amendment to Rule 67, which made it clear that the Rule only applies to cases where the possibility of imprisonment exists. This reasoning appears to beg the question since the whole crux of the Superior Court decision was that the Township Code provides for the incarceration even when the ordinance does not specifically do so.

A more recent ruling on this issue is the case of *Borough of McAdoo v. Lawn Specialties,* 120 Pa. Commw. 120, 547 A.2d 1297 (1988). That case, re-affirming *Commonwealth v. Carter* ruled that the Commonwealth had the right to appeal since the ordinance did not provide for incarceration. However, that case was again brought as a criminal citation, a fact which occasioned no comment from the court.

The bottom line is that the appellate courts have a long standing policy that the municipality should be allowed to appeal an adverse decision. This has created

confusion because the violation is brought as a summary offense where double jeopardy normally would apply. The court therefore had to engage in semantics, and say the cases were civil. However, that does not necessarily justify plaintiff's contention that the violation is therefore filed as a civil suit. Instead, the court has created a hybrid form, which is not fully criminal or civil. It takes the form of a summary conviction, but the municipality may appeal where there is no provision for incarceration.

This court concludes that plaintiff improperly filed these violations as civil cases before the district justice. This decision is based on three factors. First, the Borough Code, 53 P.S. §48301, specifically provides as follows:

"Any violation or failure to comply with any provision of any borough ordinance shall constitute a summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions."

Second, even the Commonwealth Court cases which support plaintiff's argument were originally filed as summary offenses.

Third, the Borough Code provides for the possibility of jail if a fine for the violation of an ordinance is not paid. See 53 P.S. §48307. Therefore the Superior Court's reasoning in *Lower Merion Township v. Schenk* applies.

Filing as a summary charge will also work well as a practical matter. The summary conviction procedure will provide a more expeditious method of resolution

of these disputes than the protracted procedures often present in a civil suit.

Since the court has determined that these cases were improperly filed as civil suits, the default judgment should be vacated, the remaining objections be determined to be moot, and the cases transferred to summary conviction court.

However, the court already has held several hearings on the plaintiff's request for injunctive relief regarding these violations. Rather than transfer these matters to summary conviction court, the court hereby directs that all three of these cases shall be consolidated with the injunction proceedings, which are now being held before this judge. In the injunction hearing the court has directed that the parties perform certain actions prior to the matters being rescheduled for a hearing. These cases shall be scheduled for a hearing at the same time the hearing is rescheduled in the related matter. At that time the plaintiff shall have the opportunity to amend the complaint to conform the dates of alleged violations to the dates about which testimony has already been received in prior proceedings. The court will also take additional testimony where appropriate. New testimony will be specifically required in regard to the holding tank ordinance violation on which there has been no previous testimony.

## ORDER

And now, June 24, 1992, the default judgments entered in the above captioned matters are vacated. Defendant's preliminary objection regarding the filing of these cases as civil rather than as summary offenses is sustained, and this matter shall proceed in the manner set forth in the foregoing opinion.