Geraldine MILLS M.D.

v.

STATE of Rhode Island DEPARTMENT OF MENTAL HEALTH BOARD OF MEDICAL LICENSURE AND DISCIPLINE and Bruce McIntyre, Esq.

No. 2001–296–Appeal.

Supreme Court of Rhode Island.

Nov. 17, 2004.

Geraldine Mills, Pro Se.

Ann T. Turilli, Providence, for Defendants.

## ORDER

This matter came before the Court for oral argument on November 3, 2004, pursuant to an order directing all parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After hearing the arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should summarily be decided.

The plaintiff, Geraldine Mills, M.D. (Dr. Mills), appeals *pro se* from a Superior Court order dismissing her complaint for failure to state a claim upon which relief

could granted. Super.R.Civ.P.12(b)(6). The plaintiff's suit against defendants, the State of Rhode Island Department of Health Board of Medical Licensure and Discipline (board), and Attorney Bruce McIntyre, stems from the board's temporary suspension of plaintiff's license to practice medicine.[1] Presented with a nearly incomprehensible complaint, the trial justice found that in substance, plaintiff's claims appeared to constitute both an administrative appeal and a civil rights action. Concluding that neither theory survived analysis under the admittedly elastic standard of Rule 12(b)(6), the trial justice granted the motion to dismiss.

The trial justice found plaintiff's complaint to be in part in the nature of an administrative appeal, and noted that the administrative appeal was still pending. After addressing the administrative appeal, the trial justice turned her attention to the apparent civil rights claim, and concluded that as pled, the action could not continue. First, defendant McIntyre is statutorily immune from suit.[2] *See* G.L. 1956 § 5–37–1.5. Second, plaintiff is precluded from bringing civil rights actions against the state or its agencies. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Finally, to prevail on a civil rights claim, "a plaintiff must allege deprivation of some constitutional right under color of law." *Graff v. Motta*, 695 A.2d 486, 492 (R.I.1997) (quoting *Bell v. Brennan*, 570 F.Supp. 1116, 1118 (D.C.Pa.1983)). Be-

---

1. In a decision filed on November 13, 2003, the Superior Court upheld the board's decision of July 10, 2001 to suspend Ms. Mills for an indefinite period of time. Doctor Mills petitioned this Court for writ of certiorari, and we denied her petition on September 23, 2004.

2. Bruce McIntyre, Esq., the board's attorney, is statutorily immune by virtue of his official role with the Department of Health Board of

Medical Licensure and Discipline. As the board's attorney, McIntyre is covered by the protections offered by G.L. 1956 § 5–37–1.5(a), by which "[t]he director of health, chief administrative officer, board members, and their agents and employees are immune from suit in any action, civil or criminal, based on any disciplinary proceeding or other official act performed in good faith in the course of their duties * * *."

cause Dr. Mills did not allege any deprivation of a constitutionally-secured right, the trial justice dismissed the complaint.

In her appeal, Dr. Mills cites a myriad of reasons as to why the trial justice's decision was inappropriate and should be reversed, but this Court is unable to assign value to any of her contentions. Although it is difficult to cull any cognizable legal argument from her memoranda, it appears that Dr. Mills now contends that the trial justice abused her discretion in dismissing the complaint, inaccurately classified the complaint as a hybrid civil rights/administrative appeal, and failed to consider the misrepresentation claim that Dr. Mills now alleges to have made in her complaint. We have reviewed Dr. Mills' confusing submissions to the Court, and we find no merit in any of her arguments.

Accordingly, the judgment is affirmed and the papers in this case are remanded to the Superior Court.