**COMMONWEALTH of Pennsylvania**

v.

**Dennis HEGGENSTALLER, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1997.

Filed Aug. 8, 1997.

Dennis Heggenstaller, appellant, Pro Se.

Karen J. Arnold, Asst. District Attorney, Bethlehem, for Com., Appellee.

Before TAMILIA and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

TAMILIA, Judge:

Dennis Heggenstaller takes this appeal, pro se, from the May 10, 1996 judgment of sentence imposing an aggregate fine in the amount of $6,591.25 entered following the summary proceeding in which appellant was convicted of failing to pay $1.25 per month on his telephone bill for 911 emergency services in direct violation of a Centre County Ordinance.[1]

According to the record, Centre County enacted the ordinance establishing a per-dial-tone rate of $1.25 for the 911 public safety emergency communications fee as approved by the Pennsylvania Public Utility Commission. The telephone company is responsible for notifying the director of Centre County's 911 emergency communication system regarding customers who fail to comply with the fee provision. The director, who appeared at the May 10, 1996 hearing, testified appellant refused to pay the fee for the period in question. Appellant also ignored two registered letters sent from the director directing him to pay the delinquent fees. At the hearing, appellant did not testify and he thereafter was convicted of violating the ordinance. The trial court then entered the following Order:

> AND NOW, May 10, 1996, the Court is satisfied on proof beyond a reasonable doubt the Defendant is guilty of violation of Ordinance No. 1 of 1993 of Centre County and ORDERS he make restitution in the amount of Twelve Dollars and Fifty Cents ($12.50) from March of 1993 through January of 1994, plus costs.
>
> The Court is further satisfied the Defendant is in violation of Ordinance No. 1 of 1994 as amended and ORDERS he make restitution in the amount of One Dollar Twenty–Five Cents ($1.25) per month from February 1994 through December 1995.

---

1. The collection of said fee was implemented by Centre County and designated as Ordinance No. 1 of 1993 (effective 3/1/93), which subsequently was amended to include a penalty provision for nonpayment of the fee. The amended ordinance was designated Ordinance No. 1 of 1994 (effective 1/15/94). A copy of this amended ordinance has been attached hereto.

In addition, a fine is assessed in the amount of One Hundred Dollars ($100.00) for the month of February of 1994, One Hundred Fifty Dollars ($150.00) for the month of March of 1994 and Three Hundred Dollars ($300.00) for each succeeding month through and including December of 1995.

Judgment shall be entered against you and in favor of the Centre County Probation Department for all restitution, fines and costs so ordered.

On appeal to this Court, appellant has submitted a brief in complete noncomformance with the Pennsylvania Rules of Appellate Procedure. In particular, the argument section of the brief raises 37 one-line allegations of trial court error, violations of the Pennsylvania and United States Constitutions and related claims. Despite this lack of conformity, we have conducted a thorough, independent review of the record and find sufficient evidence was presented to sustain the conviction of violating the ordinance.

We do find, however, that the fines imposed by the trial court are extremely excessive in light of the de minimus nature of the violation. Specifically, appellant was found guilty of not paying $1.25 per month from the period of March 1993 through December 1995, which amounts to $28.75. However, the court imposed an additional penalty of $6,550, which is the equivalent of 5,240 months, or more than 430 years, of unpaid 911 charges. We acknowledge that the cumulative nature of the fine is in keeping with the terms of the ordinance but when an ordinance is written so as to have a punitive and/or confiscatory effect, without relation to the individual's ability to pay and the severity of the violation, it does not meet the standard required by the constitution. Pa. Const. Art. 1 § 13, **Bail, fines and punishments.** "Excessive bail shall not be required nor excessive fines imposed, nor cruel punishments be inflicted"; see *Commonwealth v. Strunk,* 400 Pa.Super. 25, 582 A.2d

1326 (1990) ("'A punishment is considered "excessive" and therefore unconstitutional if it ... (2) is grossly out of proportion to the severity of the crime.'" *Id.* at 36, 582 A.2d at 1331, quoting *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977)). "The primary purpose of a fine or a penalty is twofold: to punish violators and to deter future or continued violations." *Mastrangelo v. Buckley,* 433 Pa. 352, 386, 250 A.2d 447, 464 (1969). Moreover, a fine is excessive, and thus violative of one's due process rights, if it is "irrational or unreasonable." *Commonwealth v. Gipple,* 418 Pa.Super. 119, 123, 613 A.2d 600, 602 (1992), citing *Commonwealth v. Smith,* 409 Pa. 521, 187 A.2d 267 (1963). Here, clearly, the fine, in light of the $1.25 fee, is unreasonable and excessive. A fine should be sufficient enough to discourage the conduct, but not so excessive as to be punitive in nature. Accordingly, we remand this matter to the trial court for reimposition of a fine more in line with the violation.[2] Moreover, we note the trial court, on remand, must make an on-the-record determination regarding appellant's financial resources and his ability to pay the imposed fine. See 42 Pa.C.S. § 9726 **Fine.**

Conviction affirmed; judgment of sentence vacated; case remanded for reimposition of fines in accordance with this Opinion.

Jurisdiction relinquished.

### ATTACHMENT

### COUNTY OF CENTRE

### ORDINANCE NO. 1 OF 1994

Providing for the assessment and collection of a fee against telephone subscribers in the County of Centre, Commonwealth of Pennsylvania, for the non-recurring costs, maintenance, and operating costs of a 911 emergency communications system pursuant to Act 78 of 1990, the Public Safety Emergency Telephone Act.

WHEREAS, the County of Centre's 911 system has been approved by the Pennsylva-

**2.** We find the penalty/fine structure in this case to be akin to legislation imposing increased sentences for habitual offenders. Generally, our courts require a recidivist to have been previously convicted prior to imposing the increased punishment. *See Commonwealth v. Kane,* 430 Pa.Super. 203, 633 A.2d 1210 (1993) (If the heavier penalty prescribed for the second or subsequent violations is imposed upon one who has not been previously convicted, then the purpose of the stature, i.e. to impose increased punishment upon those who persist in criminality after having once been convicted, is lost.).

nia Department of Community Affairs and the Pennsylvania Emergency Management Council; and

WHEREAS, the contribution rate of $1.25 per month per telephone subscriber line has been approved by the Pennsylvania Public Utility Commission;

BE IT ORDAINED and enacted by the Commissioners of the County of Centre, and it is hereby ordained and enac[t]ed by the Authority of the same:

*Section 1*

A monthly fee of $1.25 per telephone line is hereby assessed against every telephone subscriber line in Centre County, Pennsylvania.

*Section 4*

Failure of a telephone subscriber to pay the fee assessed in Section 1 hereof shall be a violation of this ordinance. A violation shall constitute a summary offense, punishable by a fine of not less than $100 for the first offense, $150 for the second offense, and not less than $300, nor more than $600 for the third and subsequent offenses.

The County of Centre recognizes and hereby accepts the responsibility for any collection activity arising from non-payment. The Coordinator of the Office of Emergency Communication shall have the power and duty to take all necessary actions for enforcement of this ordinance.

This Ordinance shall become effective January 15, 1994 and be known as Ordinance Number 1 of 1994, Ordained and Enacted as an Ordinance this 11th day of January 1994.

ATTEST

*s/Evan B. Smith*
Evan B. Smith, Director
Administrative Services

*s/Vicki Wedler*
Vicki Wedler, Chairman

*s/Denny Sciabica*
Denny Sciabica

---

Keith Bierly