IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
 :
   v. : No. 235 C.D. 2015
 :
Paul Brunk, :
    Appellant :

Commonwealth of Pennsylvania :
 :
   v. : No. 236 C.D. 2015
 : Submitted: September 18, 2015
Paul Brunk, :
    Appellant :


BEFORE: HONORABLE DAN PELLEGRINI, President Judge
    HONORABLE MARY HANNAH LEAVITT, Judge
    HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI    FILED: November 16, 2015


   Paul Brunk (Brunk) appeals from orders of the Court of Common Pleas of Westmoreland County, Criminal Division (trial court), finding him guilty and imposing a fine of over $100,000 plus costs for multiple violations of Salem Township's (Township) Nuisance and Junk Ordinance (Ordinance). For the reasons that follow, we vacate and remand.

The Township passed its Ordinance on August 17, 1995, in order to "remove or eliminate conditions of nuisance(s) within the [Township] to protect the health, safety, and welfare of the Township Citizens [sic] and community at large." (Ordinance at Section 1411(A).) The Ordinance provides that no person owning or occupying a property within the Township shall allow the following conditions and/or items to be left or accumulate on the property where the condition creates a nuisance, fire or health hazard, or is detrimental to the health and safety, cleanliness and comfort of the Township residents/community.[1]

---

[1] The following are prohibited:

(1) Any garbage, rubbish, waste material, and debris of any kind, junk, scrapped, or wrecked motor vehicles and/or trailers, flammable articles, or stored vehicles without a current inspection sticker, without current vehicle registration, or without current license plate.

(2) Any accumulation or storage of garbage, rubbish, waste material, vegetation, and debris of any kind, junk, scrapped, or wrecked/unused motor vehicles or trailers, flammable articles, or store vehicles without a current inspection sticker, without current vehicle registration, or without current license plate.

(3) Any storage or accumulation of construction materials or construction equipment that is unused, abandoned, junked, or not related to a construction business on the premises. Construction materials and equipment may be stored on the premises provided it does not create a nuisance, fire, health hazard, or is detrimental to the health or safety of the community.

(4) Any natural vegetation condition including, but not limited to, weeds, grass, bushes and and/or hedges, where said condition creates a fire hazard, health hazard, or a nuisance to the community or abutting residents and/or landowners.

(Ordinance at Sections 1412(A)(1)-(4).)

Under the Ordinance, the Township may commence judicial proceedings against any person who violates the provisions of the Ordinance. If the individual is found liable by a judicial proceeding, a judgment of no more than $500 may be entered for a first offense and a judgment of no more than $1,000 may be entered for a second and subsequent offense.[2, 3]

---

[2] The individual will also be liable for all court costs and costs of prosecution, including the Township's attorney's fees.

[3] The manner in how to characterize prosecutions for violations of municipal ordinances has been troublesome. Generally, most municipalities were only authorized to impose fines and, if the fines were not paid, then an imprisonment could be imposed. At common law, an action brought by the municipality for the violation of a municipal ordinance was considered a civil suit for penalty and the normal civil burdens applied. *Commonwealth v. Carter*, 377 A.2d 831, 832 (Pa. Cmwlth. 1977).

With the promulgation of the then-new Pennsylvania Rules of Criminal Procedure, through definitional changes, what we previously considered civil suits for penalty became penal in nature. Those Rules define "criminal proceedings" as including "all actions for the enforcement of the Penal Laws." Pa. R.Crim. P. 103. Effective April 1, 2001, Pa. R.Crim. P. 3 was renumbered as Pa. R.Crim. P. 103. The penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." *Id*. An ordinance is a "legislative enactment of a political subdivision." *Id*. These definitions (which were in effect in 1976) remove any doubt as to the nature of the instant proceedings; they are criminal proceedings. This was so, even though Pa. R.Crim. P. 456(C) provides that imprisonment may only be ordered if the defendant is able to pay the fine and refuses, making the "in default thereof" akin to civil contempt.

However, in *Town of McCandless v. Bellisario*, 709 A.2d 379, 381 (Pa. 1998), our Supreme Court addressed what level of due process protection was due when municipal ordinances did not provide for payment of a fine:

> While the enforcement of municipal ordinances that provide for imprisonment upon conviction or failure to pay a fine or penalty must follow the Rules of Criminal Procedure, the same is not true for municipal ordinances that do not provide for imprisonment upon conviction or failure to pay a fine or penalty, which, by definition, are not Penal Laws, and are therefore not included in

**(Footnote continued on next page…)**

Brunk owned property in the Township and over the years had been charged with and found guilty and fined for various violations of the aforementioned sections of the Ordinance. In June 2014, a Magisterial District Judge (MDJ) found Brunk guilty on three counts of violating the Ordinance and imposed a penalty of $1,000 plus fees on each count. In September 2014, the MDJ again found Brunk guilty on nine counts of violating the Ordinance, finding the violations to have existed on an "ongoing" and "continuing" basis and imposing a penalty of $1,000 plus fees on each count for a total penalty of $138,000. Brunk took a summary appeal of both decisions to the trial court and the actions were consolidated for disposition.

Before the trial court, Kenneth Karas, the Township's Code Enforcement Officer, presented photographs taken of Brunk's property between March and September 2014 to show the condition of Brunk's property, including but not limited to damaged roofs, debris, high weeds, a vehicle with a license plate and an expired inspection sticker, and scattered construction and home

---

**(continued…)**

> the definition of "criminal proceedings." Pa. R.Crim. P. 3. The higher degree of protection provided by the Rules of Criminal Procedure does not apply to municipal ordinance enforcement actions where imprisonment is not a remedy for a conviction or failure to pay a fine.

Because the Ordinance does not provide for imprisonment in lieu of payment of a fine, the violations charged were civil in nature. In *Austin v. United States*, 509 U.S. 602 (1993) , the Court noted that the application of the Excessive Fines Clause to civil forfeiture did not depend on whether it was a civil or criminal procedure, but rather on whether the forfeiture could be seen as punishment.

4

maintenance materials, furniture and so forth on the premises. Mr. Karas testified that as a result of no noticeable change in the condition of Brunk's property from March until September 2014, he filed three separate citations against Brunk in September for violations of Ordinance Sections 1412(A)(1), (2) and (4), and then he filed three more citations for violations under the same sections later that month.

Brunk, then *pro se*, testified of his efforts in attempting to clean up his property with Mr. Karas' help. He also testified that Mr. Karas had asked the MDJ to reduce his fines because he was doing such a good job in the cleanup efforts.

The trial court judge found Brunk guilty of the charges and dismissed his appeal and imposed the same fine that the MDJ imposed, $1,000 per count per day plus fees and the Township's legal fees up to $3,000. The trial court directed Brunk to file a Rule 1925(b) Statement.[4]

---

[4] Rule 1925(b) provides, in pertinent part:

> Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

In response to Brunk's Rule 1925(b) Statement,[5] the trial court stated in its Rule 1925(a) Opinion[6] that it found that Brunk's property was in violation of the Ordinance and it assessed fines and criminal fees pursuant to the criminal provisions of the Ordinance. This appeal followed.[7]

On appeal, Brunk does not contest (a) the determinations that he is in violation of the Township's Ordinance; (b) the three $1,000 fines imposed at No. 235 C.D. 2015; or (c) the Court's award of counsel fees of up to $3,000 at No. 236 C.D. 2015. Brunk likewise does not question the statutory authority under which

---

[5] In his 1925(b) Statement, Brunk set forth its complaint as follows:

> The Honorable Trial Court erred and abused its discretion-as well as denied [Brunk] due process by assessing fines and penalties in excess of those permitted by law.

(R. Item. No. 11.)

[6] Pa. R.A.P. 1925(a) requires a judge to issue an opinion setting forth the reasons for his ruling upon receipt of a notice of appeal. It states:

> Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

[7] This Court's review of a "trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings." *Commonwealth v. Hall*, 692 A.2d 283, 284 n. 2 (Pa. Cmwlth. 1997). The Commonwealth has the never-shifting burden of proving all elements of a summary offense beyond a reasonable doubt. *Commonwealth v. A.D.B.*, 752 A.2d 438, 443 (Pa. Cmwlth. 2000).

the Court's sentence is imposed, and his appeal only contests the amount of daily fines imposed at No. 236 C.D. 2015, arguing the aggregate amount imposed is excessive and not proportionate to the violation committed and in violation of Article 1, Section 13 of the Pennsylvania Constitution and the Eighth Amendment of the United States Constitution made applicable to the Commonwealth by the Fourteenth Amendment.[8]

The Commonwealth, however, argues that the fines imposed are not excessive because the Township is statutorily permitted by the Second Class Township Code[9] to impose penalties for violations of property maintenance and/or public safety related to ordinances of up to $1,000 per day. Moreover, it contends that the fines are not excessive because, in imposing the fines, the trial court considered Brunk's prior violations, his failure to bring his property into compliance with the Ordinance, and the fact that prior judicial action has not deterred his conduct.

The Eighth Amendment of the United States Constitution provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel

---

[8] The Commonwealth argues that Brunk's appeal should be dismissed as he failed to raise this issue before the trial court. Pa. R.A.P. 302(a) provides that, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." While the Commonwealth is correct in its assertion that Brunk did not raise the issue of excessive fines during the trial, because the trial court was acting as the *de novo* factfinder and could impose any fine it found appropriate, the excessive fines issue did not arise until after the trial court entered its verdict. As such, the earliest opportunity Brunk had to raise the issue was in his Rule 1925(b) Statement, as he did.

[9] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§65101-68701.

7

and unusual punishments inflicted." U.S. Const. amend. VIII. A fine is considered excessive under the Eighth Amendment "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). The Pennsylvania Constitution similarly maintains that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. art. 1, §13. Moreover, the Pennsylvania Constitution's prohibition against excessive fines requires the fine to be "reasonably proportionate to the crimes which occasion them." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1287 (Pa. 2014).[10]

Even if a fine is in line with the terms of an ordinance, if said ordinance has a punitive effect, "without relation to the individual's ability to pay and the severity of the violation, it does not meet the standard required by the constitution." *Commonwealth v. Heggenstaller*, 699 A.2d 767, 769 (Pa. Super. 1997). That is, an appropriate fine is one that is sufficient enough to discourage the conduct without being excessive and punitive in nature. *Id.* In formulating a sentence for a summary offense:

---

[10] As our Supreme Court recently reiterated:

> [T]he primary purpose of a fine or a penalty is twofold[:] to punish violators and to deter future or continued violations. Since it serves not only as a punishment but also as a deterrent, the amount of the fine can be raised to whatever sum is necessary to discourage future or continued violations, subject, of course, to any restriction imposed on the amount of the fine by the enabling statute or the Constitution.

*Eisenberg*, 98 A.2d at 1283 (quoting *Commonwealth v. Church*, 522 A.2d 30, 34 (Pa. 1987)).

[T]he trial court should weigh all mitigating and aggravating factors and arrive at an appropriate sentence that is consistent with the protection of the public and the gravity of the offense. Considerations should include the history and character of the defendant, the nature and circumstances of the crime ... and the defendant's attitude, including a lack of contrition for his criminal conduct. Finally, if a sentence is imposed within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment.

*Borough of Kennett Square v. Lal*, 643 A.2d 1172, 1175 (Pa. Cmwlth. 1994). Factors such as the value of the property and the feasibility and the cost of repairs may be relevant in determining whether a fine is excessive. *Commonwealth v. Halstead*, 79 A.3d 1240, 1247 (Pa. Cmwlth. 2013).

In this case, other than noting that Brunk had been before the court several times in the past, the trial court judge stated that he found him guilty on all charges and imposed the fine allowed by the Ordinance. Because the trial court did not address whether the cumulative fine of $140,000 was "reasonably proportionate to the crimes which occasion them," the trial court's order is vacated and the matter is remanded to consider the question of whether the fines it imposed were too severe in view of mitigating and aggravating factors.

_____
DAN PELLEGRINI, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
 : 
          v. : No. 235 C.D. 2015
 : 
Paul Brunk, : 
                Appellant : 

Commonwealth of Pennsylvania : 
 : 
          v. : No. 236 C.D. 2015
 : 
Paul Brunk, : 
                Appellant : 


# **O R D E R**


AND NOW, this 16th day of November, 2015, the orders of the Court of Common Pleas of Westmoreland County dated January 13, 2015, at Nos. 337 SA 2014 and 465 SA 2014, are vacated and this matter is remanded to the trial court to consider the question of whether the fines are excessive, to accept additional evidence as warranted, and to issue a new order.

      Jurisdiction relinquished.


_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| Paul Brunk, | : | No. 235 C.D. 2015 |
| Appellant | : | |
| | : | |
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| Paul Brunk, | : | No. 236 C.D. 2015 |
| Appellant | : | Submitted: September 18, 2015 |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

DISSENTING OPINION BY
JUDGE COVEY                                    FILED: November 16, 2015

I respectfully dissent from the Majority's order vacating the Westmoreland County Common Pleas Court's (trial court) January 13, 2015 orders and remanding to the trial court to consider the question of whether the fines it imposed were too severe in view of mitigating and aggravating factors.

There are two issues before the Court: (1) whether Paul Brunk (Brunk) waived his Excessive Fines Clause issue; and (2) whether the trial court's imposition of fines was an abuse of discretion. The Majority holds that the fines issue could not be waived because the trial court heard the case *de novo*, and Brunk could not argue it below since he was not aware of the fines until the verdict was rendered; thus, Brunk

could not raise it until his Rule 1925(b) Statement of Errors on Appeal (1925(b) Statement). *See* Majority Op. at 7 n.8. I agree with that statement. However, when Brunk raised the issue in his 1925(b) Statement, he provided: "The Honorable Trial Court erred and abused its discretion []as well as denied [Brunk] due process **by assessing fines and penalties in excess of those permitted by law**." Brunk Br. at Appendix E (emphasis added). When Brunk raised the issue in the Statement of Questions portion of his brief, he stated: "Did the trial court's imposition of fines amounting to more than $100,000 for . . . Brunk's summary infraction of a local property maintenance ordinance **violate the Excessive Fines Clauses of the Pennsylvania and U.S. Constitutions**." Brunk Br. at 3 (emphasis added).

"Our Supreme Court has admonished that an appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court." *Lineberger v. Wyeth*, 894 A.2d 141, 147 (Pa. Super. 2006) (quoting *Harber Phila. Ctr. City Office Ltd. v. LPCI Ltd. P'ship,* 764 A.2d 1100, 1104 (Pa. Super. 2000)). Moreover, regarding vague or overly broad statements, the Superior Court has also stated:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. **When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues**.
>
> In other words, **a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all**. . . . In the instant case, Appellant's Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because Appellant's

> vague Concise Statement has hampered appellate review, it is waived.
>
> *Commonwealth v. Dowling,* 778 A.2d 683, 686–87 (Pa.[]Super.[]2001). 'An appellant's failure to include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review.' *McKeeman* [*v. Corestates Bank, N.A.,* 751 A.2d 655, 658 n.2 (Pa. Super. 2000).]

*Lineberger*, 894 A.2d at 148 (emphasis added; footnote omitted).

In the instant case, the trial court in its 1925(a) Statement expressed that the fines were issued pursuant to Salem Township's Nuisance and Junk Ordinance (Ordinance). The trial court did not address the constitutionality of the fines because that issue was not raised in Brunk's 1925(b) Statement. Accordingly, I believe the issue is waived because Brunk failed to "identify each ruling or error that [Brunk] intends to challenge **with sufficient detail to identify all pertinent issues for the [trial court,]**" in his 1925(b) Statement.[1] Pa.R.A.P. 1925(b)(4)(ii) (emphasis added).

Further, our Supreme Court has held:

> The issue preservation requirement 'ensure[s] that the trial court that initially hears a dispute has had an opportunity to consider the issue[,]' which in turn 'advances the orderly and efficient use of our judicial resources[,]' and provides fairness to the parties. *In re F.C. III,* 2 A.3d [1201,] 1212 [(Pa. 2010)]. Further, 'it is incumbent upon one raising the specter that a statute is unconstitutional to state, at least in somewhat express terms, **the specific constitutional grounds** upon which the challenger is basing its attack on the legislation.' *Id.*

---

[1] I recognize that waiver is not jurisdictional and cannot be raised *sua sponte*; thus, if the Commonwealth concedes the issue is properly before the Court, waiver becomes moot. However, the Commonwealth specifically raised the issue of waiver. In the Commonwealth's Statement of Questions Presented, although it stated that Brunk raised the issue for the first time in his 1925(b) Statement, it did not concede that the issue is properly before this Court, or include said statement in the Argument section of its brief.

*Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274-75 (Pa. 2014) (emphasis added). Although the holding in *Eisenberg* is in the context of a statute's constitutionality and Pa.R.A.P. 302(a), as opposed to Pa.R.A.P. 1925(b), the rationale is the same. Here, Brunk did not mention the constitutionality of the fines let alone raise "the specific constitutional grounds" in his 1925(b) Statement. Thus, the trial court, having only the Ordinance before it, believed "the law" referred to was said Ordinance and opined accordingly.

Notwithstanding whether the issue was waived, the Majority is remanding because "the trial court did not address whether the cumulative fine of $140,000[.00] was 'reasonably proportionate to the crimes which occasion them[.]'" Majority Op. at 9. I believe the record clearly reveals that the trial court did. The trial court explained:

> [] Brunk, . . . you have been before me at least once, maybe twice before, and I see the history of this case and the . . . history of the transformation of your property, which I agree is not really substantial over four years of a period [sic].
>
> . . . .
>
> . . . I would like to offer you some solution for this problem because I truly believe that the Township is more interested in having the property cleaned and nonviolation of its ordinances [sic] than it is to fine you, but over four years plus, it has proven that doesn't seem to work.
>
> So I am imposing the fines that were imposed below by Magistrate Buczak . . . .

Reproduced Record at 90a-91a.

In its 1925(a) Statement, the trial court opined that "the factual basis for its sentence is contained throughout the trial transcript." Trial Ct. 1925(a) Statement. The trial court's statements on the record that it is a daily fine, that Brunk was already before the trial court two prior times for the same ordinance violation, and over the

course of four years there has been no substantial change in the condition of his property, are the reasons for its fine. Given that the trial court expressed that it imposed a permitted fine under the Ordinance and discussed the egregiousness with which Brunk violated the Ordinance, I believe the trial court adequately addressed whether the fines were reasonably proportionate to Brunk's violations. "As long as sufficient evidence exists in the record which is adequate to support the trial court's determinations, as fact-finder, an appellate court is precluded from overturning those determinations and must affirm." *City of Phila., Bd. of Pensions & Ret. v. Clayton,* 987 A.2d 1255, 1262 (Pa. Cmwlth. 2009).

Moreover, the Majority is remanding this matter for the express purpose of having the trial court "consider the question of whether the fines it imposed were too severe in view of mitigating and aggravating factors." Majority Op. at 9. The Majority is basing this directive on the quote it cited from *Borough of Kennett Square v. Lal,* 643 A.2d 1172 (Pa. Cmwlth. 1994). Specifically, the Majority quoted:

> [T]he trial court should weigh all mitigating and aggravating factors and arrive at an appropriate sentence that is consistent with the protection of the public and the gravity of the offense. Considerations should include the history and character of the defendant, the nature and circumstances of the crime .[].[]. and the defendant's attitude, including a lack of contrition for his criminal conduct. Finally, **if a sentence is imposed within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment.**

Majority Op. at 9 (emphasis added). However, the *Kennett Square* Court expressly held that

> the trial court specifically stated that the sentence of incremental fines was a reflection of [the defendant's] pattern of avoiding compliance with the Borough Code, his refusal to cooperate with the Borough, and his apparent lack of remorse as evidenced by his pattern of blaming others for

causing his situation. Clearly the trial judge's reasons for [the defendant's] sentence were fully supported by the record and the sentence he imposed was not an abuse of discretion.

*Id.* at 1175. Under the same reasoning, the sentence imposed in the instant case was not an abuse of discretion. Accordingly, remand is not warranted. For all of the above reasons, I would affirm the trial court's order.

_____
ANNE E. COVEY, Judge